JOSEPH KING, Plaintiff in Error, *v.* ANSON HAINES *et al.,* Defendants in Error.

#### ERROR TO MACON.

Our statute requires that the affidavit in support of a plea in abatement, should state positively the truth of the facts relied on. A statement by the affiant, that they are true "to the best of his knowledge and belief," is insufficient.

After forming an issue in fact, it is too late to urge objections to the form of the plea, or the sufficiency of the affidavit.

The proper course is to move to strike the affidavit from the·files before filing replication ; or if the plea is defective, it should be demurred to.

When a plea, properly verified, is interposed, denying either the existence of a partnership, or the execution of the notes sued on, it becomes necessary to prove those facts.

THIS case was tried before EMERSON, Judge. The facts are sufficiently stated in the opinion.

TUPPER & NELSON, for Plaintiff in Error.

PRATHER & MALONE, for Defendants in Error.

WALKER, J. This was an action of assumpsit, instituted by Anson and Jonathan Haines, against King, as surviving partner of Whitney & King. The defendant King filed a plea denying the partnership and all joint liability of himself with Whitney, the truth of which was verified by affidavit. To this plea, there was a replication and issue to the country ; a trial was had, and resulted in favor of plaintiffs below, and judgment was rendered against defendant, to reverse which he prosecutes this writ of error.

It is now urged, that the plea in abatement was not verified by a sufficient affidavit, the plaintiff in error only swearing that the facts it contained were true to the best of his knowledge and belief. They being sworn to in person, he should have positively stated their truth, as he, of all persons, must have known whether they were true or false. Pleas of this character, by the statute, must be positively verified by the affidavit required to be attached. The statute requires an affidavit of the truth, and not of the mere probable truth, of the plea. And under the statute of Ann, the courts have been so rigid, as to require the affidavit to state that the plea is true in substance and fact, and that a statement that it is a true plea, is insufficient. 1 Chit. Pl. 463. But, however defective the affidavit, this plea was treated as sufficient by filing a replication. Whatever defects in form may have existed to the plea or the affidavit, they were waived by filing a replication. To have rendered the defect in the affidavit availing, the plaintiff below should have moved the court to strike it from the files before filing a replication, or, if the plea was defective, he should have demurred. It is too late, after forming an issue in fact, to urge these objections.

It is also insisted, as a ground of reversal, that under the issue upon that plea, the defendants in error were bound to prove the existence of the partnership, before they could read the notes sued on, in evidence. Whilst it is urged, on the other hand, that the execution of the notes was not in terms denied by the plea, and they were, therefore, competent evidence to prove the existence of the partnership, and the joint liability of the plaintiff in error. By the 8th section of the chapter entitled, " Evidence and Depositions," R. S. 233, it is provided that, " In actions upon contracts express or implied, against two or more defendants, alleged to have been made or executed by such defendants, as partners or joint obligors or payors, proof of the joint liability or partnership of the defendants, or their Christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, verified by affida-

vit, as required by law." At common law, the plaintiff was required, before he could recover, to prove the partnership and the execution of the instrument. But it will be observed, that this statute dispenses with such proof, unless it is rendered necessary by plea in abatement, or the execution of the instrument is denied by plea verified by affidavit.

Until one of those pleas is interposed, the note is admissible without proof of its execution, or of the partnership. But, by the very terms of the statute, when either is interposed, it renders the proof necessary, before it can be read in evidence. When the plea was interposed in this case, denying the partnership and joint liability of the defendant, it became necessary to prove that fact. And the suit having been instituted upon the notes, if he was not a partner, or was not jointly liable upon them, then there could be no right of recovery, and that fact could not be proved by the notes, as the pleas put the fact of joint liability upon them directly in issue. When this issue was formed, the partnership should have been proved before the notes were admissible in evidence. *Stevenson* v. *Farnsworth*, 2 Gilm. 715; *Warren* v. *Chambers*, 12 Ill. R. 124; *Stetson* v. *Hill*, 18 Ill. R. 262; *Shufeldt* v. *Seymour*, 21 Ill. R. 524. Had the partnership been proved, then the notes might have been read in evidence to establish the liability, as no plea was interposed, denying the execution of the notes. When the issue was formed, it devolved upon the plaintiff below to prove the partnership by any legitimate mode, precisely as he would have done had the statute never been adopted. To give this statute any other construction, would be to defeat the obvious intention of the legislature.

We are, therefore, of the opinion that there was not evidence in this case to sustain the judgment of the court below, and the court erred in refusing to grant a new trial, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*