JAMES G. SMITH *et al.*

*v.*

ELIZABETH HUTCHINSON *et al.*

*Filed at Ottawa January 23, 1884.*

1. BURNT RECORDS ACT—*petitioners not bound to show invalidity of defendant's claim of title.* In a proceeding to confirm title under the Burnt Records act, the petitioner is not required to show that the defendant's title is invalid. He is only required to establish the validity of his own, leaving the defendant to show his title by competent evidence, if he desires. If the defendant claims title under a tax deed, he must show a valid judgment, precept and affidavit of the notice required by law, before taking out a deed.

2. SAME—*tax titles set aside—must be on equitable terms.* On petition to confirm and to quiet the title to land under the Burnt Records act, where the defendant sets up a tax title to the premises, if the court sets aside the

tax title it should be upon equitable terms, and the petitioner should be required to pay to the holder of such tax title all moneys paid out by him on his purchase and for subsequent taxes, with interest thereon. It is error to decree such tax title void except upon such equitable terms.

3. TAX TITLE—*preliminary evidence to admit deed.* It devolves upon a party claiming title to land under a tax sale and deed, to show a valid judgment against the land, and a precept under which it was sold, and an affidavit, such as the statute requires, before a deed shall issue. These are indispensable to the title under such a deed.

4. ADMINISTRATOR—*no power to incumber real estate.* An administrator of an estate has no power, under the statute, to give a mortgage upon the real estate of his intestate, and if he gives one with a power of sale it will not bind the estate, and a sale under the power will pass no title.

5. SAME—*estoppel, where the administrator assuming to make the mortgage is also part owner.* But where the administrator who thus attempts to incumber the lands of the estate by mortgage, is also a part owner in the lands, he will be estopped to dispute the validity of the mortgage so far as concerns his own interest therein.

6. WILL—*power of executors to mortgage real estate.* Power in executors by a will to lease real estate, or make a sale thereof for the purpose of making a division of the proceeds among the devisees, will not authorize them to incumber the real estate by mortgage or deed of trust, for money borrowed.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. JAMES A. BURHAUS, and Mr. AUGUSTUS N. GAGE, for the appellants:

By foreclosure proceedings appellants became invested with the patent title, and unless the bill disclosed sufficient facts to show such title void, or alleged facts showing it was obtained by fraud, and the evidence sustains the allegation, the bill can not be maintained. That the executors described themselves as administrators in the trust deed can make no difference. *Sheldon* v. *Smith,* 97 Mass. 34.

It certainly is good against the heirs who executed the same, as to their interest. Washburn on Real Prop. 488; *Sumner* v. *Williams,* 8 Mass. 162; *Godley* v. *Taylor,* 3 Dev. (N. C.) L. 178.

To impeach the tax titles it was necessary to show in the bill some irregularities. Failing to do this, the court erred in finding them void. 1 Daniell's Chancery Practice, 377; Story's Eq. Pl. sec. 257; *Helm* v. *Cantrill*, 59 Ill. 524; *Hyde* v. *Heath*, 75 Ill. 381; *Gage* v. *McLaughlin*, 101 id. 155; *Gage* v. *Reid*, 104 id. 509.

Unless the owner is in possession, or the property is taxed in his name, he is not required to be served with notice of a tax purchase. Rev. Stat. 1874, chap. 120, sec. 216; *Garrick* v. *Chamberlain*, 97 Ill. 620; *Gage* v. *Bailey*, 102 id. 11; *Frew* v. *Taylor*, 106 id. 159.

A decree setting aside a tax title as a cloud on title, is erroneous, if it fails to require the repayment of the taxes. *Reed* v. *Taylor*, 56 Ill. 288; *Gage* v. *Busse*, 102 id. 592.

Mr. JOHN V. LE MOYNE, and Mr. JESSE B. BARTON, for the appellees:

When petition is filed under the Burnt Records act to establish title, and no cross-bill is filed, the only duty of the court is to decree which is the better title. *Robinson* v. *Ferguson*, 78 Ill. 538.

Administrators have no power to give a trust deed, and it is void even if the heirs or estate have the benefit of the money. *Black* v. *Dressell*, 20 Kan. 153; *Edwards* v. *Taliafero*, 34 Mich. 13; *Merritt* v. *Simpson*, 41 Ill. 391; *Wetherel* v. *Harris*, 67 Ind. 452.

The tax titles were void. The affidavits show that no search was made for the owners of the property to serve them with notice. If the owner resided in the county, and could be found on reasonable search, notice should be served on him. *Wilson* v. *McKenna*, 52 Ill. 43; *Dalton* v. *Lucas*, 63 id. 337.

A tax sale notice to the owner or occupant is essential, and notice that the time for redemption would expire on the wrong day was fatally defective. *Gage* v. *Bailey*, 100 Ill.

530; *Wilson* v. *McKenna*, 52 Ill. 43; *Gilmore* v. *Sapp*, 100 Ill. 297. Hence the court properly held that this title was inferior to appellees' title.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by appellees, in the Superior Court of Cook county, under the Burnt Records act, to establish and confirm their title to lot 22, block 10, Walcott's addition to Chicago. Appellants were made defendants to the petition. Appellees claim that William Dixon originally owned the property; that he derived title through *mesne* conveyances from the United States; that in 1867 Dixon died testate, having devised the property to appellees, who were his children, to be divided equally among them. Appellants claim title to the land through four different sources: First, under a mortgage executed by two of appellees, Joseph H. and John S. Dixon, administrators of the estate of William Dixon; second, under a deed from Mina Haase, who claimed under a tax sale; third, under a deed, dated February 18, 1876, made by Herman Lieb, county clerk, to Henry H. Gage; fourth, under a deed, dated April 18, 1879, from E. F. Klokke, county clerk, to Henry H. Gage. On the hearing the court found that William Dixon was seized of the premises at the time of his death, July 25, 1867; that the premises were devised to appellees, his ten children; that petitioners remained in possession of the premises until 1874; that Joseph H. and John S. Dixon were executors under the will of William Dixon, deceased; that they made a deed of trust on the premises to William Vocke, in which they were described as administrators of the estate of William Dixon; that the premises were sold under this deed of trust, purchased by Gage, who subsequently conveyed to appellants. The court also found the three tax titles claimed by appellants to be void; that appellees, except Joseph and John

Dixon, are each seized in fee of an undivided one-tenth of the premises. The court decreed that the interest of Joseph and John Dixon should be held liable for the amount remaining due on the mortgage they had executed, but that the tax titles were void, and no relief was granted under them.

Appellants, from their argument, seem to believe that it was the duty of appellees to prove that appellants' title was invalid. This is a misapprehension of the statute under which the proceedings were instituted. The petitioners were only required to establish the validity of their own title. The statute provided that they should make all persons owning or claiming any estate in fee in the premises, and all persons in possession, and all persons to whom the lands had been conveyed and the deeds placed on record since the destruction of the record, defendants. But when such persons were made defendants, and were served with process, it became their duty to establish, by competent testimony, whatever title they had to the premises, if they desired to rely upon such title. Section 16 of the statute requires the petitioner to state in his petition the names of all persons owning or claiming title, and provides that they shall be made defendants. Section 18 provides that any person interested may oppose such petition, and file demurrer, answer or cross-petition. Here is a complete mode provided by which the conflicting titles on the land in question may be investigated, and the true title established; but where a person is made a defendant in a petition of this character, it devolves upon him to establish the title he may claim to the property. Was this done by appellants?

The answer of appellant James G. Smith denies that appellees have any title to said lot, but says that he owns the same, and has paid therefor, including taxes and other necessary outlays, more than $3000 in cash; that he obtained his title as follows: First, by *mesne* conveyances from the United States to William Vocke, trustee, by trustee's deed, dated

December 10, 1879, from said Vocke to Asahel Gage, and by deed of said Gage to this defendant; second, by a tax deed, dated September 8, 1868, from the sheriff of Cook county to William H. Haase, and thence by sundry *mesne* conveyances to this defendant; third, by a tax deed, dated February 18, 1876, from Herman Lieb, county clerk of Cook county, to Henry H. Gage, on a tax sale of said lot November 12, 1873, and thence by deed from said Gage to Lettie B. Smith, and by deed from said Lettie B. Smith to this defendant; fourth, by a tax deed, dated April 18, 1879, from E. F. C. Klokke, county clerk of Cook county, to Henry H. Gage, and thence by *mesne* conveyances to said defendant.

Under the answer it will be observed that appellant claimed, first, the same title held by the petitioners, and also claimed under three distinct tax titles, but the proof does not seem to sustain the answer. We will consider it first as to the tax titles.

A tax deed was introduced in evidence from the sheriff of Cook county to Haase, as set up in the answer, and also a tax deed from the clerk to Gage, made in 1876, and another in 1879, but no judgment or precept in support of either of these deeds was offered in evidence. It devolved upon appellant to show a judgment against the land, and a precept under which it was sold, and an affidavit, such as the statute requires, before a deed shall issue. If appellant desired to establish a tax title, and rely upon it, a valid judgment, precept and affidavit were indispensable, and as they were not proven, the court could not hold that appellant owned the title to the property under the tax sales. But the court, on the hearing, not only found against the validity of the tax titles, but rendered a decree vacating and setting them aside, without requiring the money for which the property was sold for taxes, or subsequent taxes, to be refunded. This part of the decree, in our judgment, was erroneous. The tax titles should only have been vacated and set aside on equitable terms. It was

the duty of the petitioners to pay the taxes assessed on the land. This duty they neglected, and allowed the land to be sold for the payment of the taxes, and when they come into a court of chancery and attempt to set aside the tax sales, equity requires that they should refund to the holder of the tax title all moneys paid out, with interest thereon, before such relief should be granted.

In addition to the tax titles appellants claim under a mortgage, with power of sale, dated November 28, 1874, executed by Joseph H. and John S. Dixon, as administrators of the estate of William Dixon, deceased, to William Vocke, as trustee, to secure a certain note made by Joseph H. and John S. Dixon, as administrators, as aforesaid, payable to the order of Luther Nichols. Under this mortgage, Vocke, the trustee, sold the premises to Gage, and he conveyed to appellants. It will be observed that the two Dixons executed the mortgage as administrators of the estate of William Dixon, deceased, and if they had no power, as such, to mortgage the land, no title passed under the sale made by the trustee. The statute has not conferred authority on an administrator to mortgage the lands belonging to an estate of which he is administrator, and in the absence of such authority a mortgage made by an administrator would be void. An administrator may obtain a decree to sell the lands belonging to an estate to pay debts, but as a general rule this is all the power or control that he can exercise over the lands of the estate.

But it is said that Joseph H. and John S. Dixon were executors under the will of William Dixon, deceased, and as such had power to execute the mortgage. Neither the will, nor a copy of the will, was produced on the trial, and from the evidence of the contents of the will it does not appear that the executors were authorized to mortgage the premises. They had power to lease the property; and for the purpose of making a division of the proceeds among the devisees they were authorized to sell, but we find no evidence which author-

ized the executors to borrow money, and secure the payment by a trust deed or mortgage. Indeed, there was no necessity for the executors, as such, to borrow money and incumber the property. The estate they represented was not indebted, and the deed of trust in question was not given for money to be used in the discharge of any claim against the estate; but on the other hand, the money was procured to pay an assessment against the property, which was a tax due from the owners of the property. Under such circumstances, while John S. and Joseph H. Dixon might execute a deed of trust, which would incumber their own interest in the property, they could not, as executors, bind the interest of the other owners of the premises.

The decree of the Superior Court vacating the sale under the mortgage was, in our judgment, correct. And the court also held that J. H. Dixon and John S. Dixon were, so far as they were personally interested in the land, estopped from disputing the validity of the mortgage they had executed, and rendered a decree requiring them to pay the amount due thereon, within a short day named, upon payment of which appellants released whatever claim they had acquired in the premises under the mortgage. We perceive no error in this part of the decree; but as the court failed to require the appellees to refund the amount for which the property had been sold for taxes, and interest thereon, and subsequent taxes, and interest thereon, the decree will be reversed and the cause remanded.

*Decree reversed.*