216 GAGE v. DU PUY.

---

HENRY H. GAGE

*v.*

GEORGE A. DU PUY.

*Filed at Ottawa January 25, 1889.*

1. LIMITATION — *assignee in bankruptcy—power of Congress to prescribe limitation.* Congress had the undoubted power to enact section 5057 of the Revised Statutes of the United States, limiting the time of bringing suits in all courts, State as well as United States, between assignees in bankruptcy and claimants to adverse interests in property transferred to them.

2. SAME—*as to grantee of assignee in bankruptcy.* The grantee of an assignee in bankruptcy is barred by section 5057 of the Revised Statutes of the United States, whenever the assignee himself would have

been barred. That section embraces every suit at law and in equity between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferred or vested in such assignee.

3. SAME—*application to suits under the Burnt Records act.* So where the grantee of an assignee in bankruptcy files his bill, under the Burnt Records act, to establish and confirm his title to a lot, in which he seeks to have certain tax deeds set aside as clouds upon his title derived from the assignee, the two years' limitation in section 5057 of the Revised Statutes of the United States will be a bar to the suit in so far as the bill seeks to have the tax title set aside.

4. Where titles are to be settled under the Burnt Records act, this is but an additional mode of doing what could have been done in some other mode before the passage of that act. But restoring the evidences of title under that act is something that could not have been done without it, and it may be that where this alone is sought, the limitation of the Bankrupt act will have no application.

5. SAME—*allowing the plea of limitation in chancery—effect upon the rights of the parties.* On a bill by the grantee of an assignee in bankruptcy to set aside tax deeds as clouds on the title derived from the bankrupt's estate, the allowance of the plea of limitations under section 5057 of the Revised Statutes of the United States, simply defeats the prayer of the bill. It confers no affirmative rights upon the defendant, but leaves the parties as they were before the bill was filed.

6. FORMER ADJUDICATION—*prior judgment in Federal Court, under Limitation act.* On a bill in the Circuit Court of the United States, by the purchaser of land of a bankrupt, to set aside certain tax deeds as clouds on the title, that court sustained a plea of the two years' limitation of the United States statute, (sec. 5057.) Afterward the purchaser filed his bill in the State court, under the Burnt Records act, to restore the records which had been destroyed, and to confirm his title, alleging the existence of the tax deeds and asking to have them set aside: *Held,* in regard to the relief sought in respect of setting aside the tax deeds, that the decree of the Circuit Court of the United States was conclusive on the complainant.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

The court properly sustained the plea. U. S. Rev. Stat. title 61, chap. 4, sec. 5057; *Harvey* v. *Gage,* 31 Fed. Rep. 275; *Phelan* v. *O'Brien,* 13 id. 656; *Banks* v. *Ogden,* 2 Wall.

67; *Bailey* v. *Glover,* 21 id. 342; *Gifford* v. *Helms,* 98 U. S. 248; *Upton* v. *McLaughlin,* 105 id. 640; *Doe* v. *Hyde,* 114 id. 248; *Jenks* v. *International Bank,* 106 id. 571.

The court having sustained the plea, and the complainant having thereafter put the plea in issue upon the truth thereof, by replication thereto filed, the only issue is one of fact upon the allegations of the plea; and if the plea is proved, the bill must be dismissed. Story's Eq. Pl. sec. 697; 1 Daniell's Ch. Pl. and Pr. chap. 15, secs. 4, 5, pp. 695, 697, and cases cited; Mitford & Tyler's Pl. and Pr. 390.

This is elementary, and the replication is an admission of the sufficiency of the facts pleaded as a bar to the suit. *Fish* v. *Miller,* 5 Paige, 26; *Brownswood* v. *Edwards,* 2 Ves. 247; *Wood* v. *Strickland,* 2 V. & B. 158; *Hughes* v. *Blake,* 6 Wheat. 453; *Rhode Island* v. *Massachusetts,* 14 Pet. 210.

If the defendant proves the truth of the matter pleaded, the suit, so far as the plea extends, is barred, even though the plea is not good, either in point of form or of substance, and the bill must be dismissed. Story's Eq. Pl. sec. 697.

Mr. GEORGE A. Du PUY, for the appellee:

There is a radical difference between a bill to remove a cloud from the title to land, and a bill to restore lost records. In the latter, the petitioner need not set out the defendant's claim of title, or allege any defect therein. The defendants must allege and sustain their own titles.

The court is required to investigate and settle the interests and rights of all parties interested in the premises. *Mulvey* v. *Gibbons,* 87 Ill. 367; *Robinson* v. *Ferguson,* 78 id. 538; *Smith* v. *Hutchinson,* 108 id. 662; *Smith* v. *Gage,* 11 Biss. 217;

There was error in holding the plea of the statute of limitations good. *In re Conant,* 5 Blatchf. 54; *Stevens* v. *Hanser,* 39 N. Y. 302.

Mr. Justice Scholfield delivered the opinion of the Court:

This was a petition in equity, under the "Burnt Records act," (Rev. Stat. 1874, chap. 116,) by appellee, against appellant, in the circuit court of Cook county, to establish and confirm the title of appellee to a lot in the city of Chicago.

Appellant claims title under two tax deeds, one dated and recorded in 1877, and the other in 1880. Appellee is the grantee of an assignee in bankruptcy, who took title by deed of assignment in 1873, and conveyed to appellee July 6, 1887. Before the conveyance by the assignee to appellee, the assignee filed a bill in chancery against appellant, in the Circuit Court of the United States for the Northern District of Illinois, to remove appellant's tax deeds as clouds upon his title. Appellant pleaded as a defense to that bill, the limitation of section 5057 of the Revised Statutes of the United States, and the court sustained the plea. (*Harvey* v. *Gage*, 31 Fed. Rep. 275.) Appellant interposed the same plea as a defense to the present bill. The court below held the plea a defense, and thereupon issue was joined on the plea. Evidence was introduced sustaining the plea. The court, however, decreed granting the prayer of the bill.

The section of the Revised Statutes of the United States pleaded, provides that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." The grantee of the assignee is barred by this section whenever the assignee would be barred. *Gifford* v. *Holmes*, 98 U. S. (8 Otto,) 248; *Howe* v. *South Park Commissioners*, 119 Ill. 101.

If the bill by the assignee to remove the tax deeds as clouds were precisely the same as the present bill, the adjudication in that case would be conclusive in this. There may be very

great difference between bills to restore burnt records, under the statute, in some cases, and an ordinary bill to remove a cloud from the title; while in other cases, (and such is the present case,) the only difference is, that the records are burned. It is here alleged "that Henry H. Gage and Augustus N. Gage claim, as your orator is informed and believes, an estate in fee, or some interest, in said lot, or some other part thereof; * * * and if it shall appear, on the hearing of this cause, that either or any of said parties above named claim any interest in or to said lot through or under any tax deed or tax deeds, your petitioner prays that such tax deed or tax deeds may, if found void, be removed, and set aside and cancelled, as clouds upon the title of your petitioner," etc. And so, if the plea was properly sustained in *Harvey* v. *Gage, supra,* it should be sustained here.

It will be remembered that the section under consideration embraces every suit at law and in equity between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferred to or vested in such assignee. In giving construction to its language, the Supreme Court of the United States, in *Bailey* v. *Glover,* 21 Wall. 342, held that it applies to all judicial contests between the assignee and any person whose interest is adverse to him. And in the same court, in *Jenkins* v. *International Bank,* 106 U. S. 575, speaking of this section, it was said: "It was intended to say, that in any such case, in any court where the suit touched the property or rights to property of the bankrupt passing to the assignee, it would be a good defense that it was not brought within two years after the right of action accrued."

A reference to the "Burnt Records act," *supra,* will show that the jurisdiction of courts of equity is enlarged to include suits brought pursuant to its provisions, and so this is a suit in equity. Thus, by section 15, jurisdiction of such suits is expressly given "to any and all courts in each county having

chancery jurisdiction." By the 16th section the petition is to be filed "in any court having chancery jurisdiction," and the defendants are to be brought into court "in the same manner as is now or may hereafter be required in chancery proceedings by the laws of this State." And section 27 provides, that "the rules and regulations governing courts of chancery in this State shall apply to the proceedings under this act, so far as they are not inconsistent therewith."

This property was transferred to the assignee by the deed of assignment, and the quotation from the bill, *supra,* shows that appellant claims an adverse interest to the assignee and his grantee, touching it. It is, moreover, alleged in the plea, and was proved at the hearing, that the interest claimed by appellee in this property was transferred to the assignee in bankruptcy on the 8th of July, 1873 ; that the assignee conveyed it to appellee on the 6th of July, 1887, and that appellant claims under two tax deeds of the property, one dated February 10, 1877, and the other the 19th of April, 1880,— and so it would seem the case is within both the letter and the spirit of the limitation of the Bankrupt law.

The court below seems to have entertained the view, that because, in a proceeding under the "Burnt Records act," the petitioner need not set out the defendant's claim of title, but the defendant must allege and establish it, and the decree of the court is binding and conclusive as to the interests of all the parties, the limitation of the Bankrupt act can not be interposed as a defense,—in other words, when the petition is filed under the "Burnt Records act" the court is bound to go ahead and determine the rights of the parties under that act. We can not concur in this view. We perceive no reason why the same position thus contended for can not be maintained, with equal plausibility, in regard to an action of ejectment or a bill to set aside a fraudulent conveyance. In those cases, as well as in proceedings under the "Burnt Records act," it devolves upon the defendant to establish his claim, and if he

does not do so, the judgment or decree becomes forever conclusive upon him. Where titles are to be settled under the "Burnt Records act," it is manifest it is but an additional mode of doing what could have been done in some other mode before the passage of the act. Restoring, under that act, the evidences of title, is undoubtedly something that could not have been done without it, and, it may be, that where that alone is sought, the limitation of the Bankrupt act can have no application. But where titles are to be adjudicated,—the one defeated and the other established,—it can, on principle, make no difference whether it is in an action of ejectment, or on a bill to set aside conveyances fraudulent as against creditors, or in a proceeding under the "Burnt Records act," to set aside conveyances and establish title. Each, alike, is either a suit at law or in equity, "between an assignee in bankruptcy and a person claiming an adverse interest, touching property or rights of property transferred to and vested in such assignee." And the Congress of the United States, having plenary power in regard to all matters of bankruptcy, when it chooses to exercise it, had the undoubted power to enact, as was enacted, limiting the time of bringing suits in all courts,—State as well as United States,—between assignees in bankruptcy and claimants to adverse interests in property transferred to them. The allowance of the plea simply defeats the prayer of the bill. It confers no affirmative rights upon the defendant, but leaves the parties as they were before the bill was filed.

The decree below is reversed, and the cause is remanded to the circuit court with directions to that court to find the issue for the defendant, and thereupon to dismiss the petition.

*Decree reversed.*