AUGUSTUS N. GAGE

*v.*

GEORGE A. DUPUY.

*Filed at Ottawa June 12, 1890.*

1. BURNT RECORDS ACT—*parties to suit—claims to be adjudicated.*
In a proceeding under the Burnt Records act, all persons claiming the
title or any interest in the land are required to be made parties, and
they are required, by answer or otherwise, to set forth their claims of
title, and to establish the same by proof; and it is made the duty of the
court to adjudicate in respect to all conflicting titles or claims.

2. SAME—*defendant claiming no title—of the proper decree.* On peti-
tion under the Burnt Records act, to establish title, etc., one of the
defendants pleaded the limitation under the Bankrupt law, which was
held a bar to the relief sought. The other defendant set up no title,
and was in no way connected with his co-defendant's superior title.
The court dismissed the bill only as to the successful defendant, but
held, that as against the other defendant the petitioner was the owner

of the fee: *Held,* no error in refusing to dismiss the suit as against the defendant making no defense.

3. Where a party in a chancery proceeding under the Burnt Records act, by his petition offered to pay the defendant the moneys expended in acquiring any tax titles, if he relied on any, and they should be declared invalid, and the tax title of one defendant was held good and the other defendant showed no title of any kind, it was *held,* that the court did not err in refusing to require the petitioner to pay for tax titles not shown or not set aside.

4. ASSIGNMENT OF ERROR—*by whom.* A party will not be allowed to complain of an error that does not injuriously affect him or his inter-ests. So where a defendant in a suit under the Burnt Records act claims no title to the premises to be affected by the decree rendered, he can not be allowed to assign for error that such decree is not broad enough to protect him.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. GAIL E. DEMING, for the plaintiff in error:

This action is similar, in all its material features, to the case of *Gage* v. *McLaughlin,* 101 Ill. 155. It is not shown by the petition what the interest of the plaintiff in error is in the land.

The decree is faulty in setting aside a tax title without re-quiring the payment of the amount thereof, as tendered in the bill. *Gage* v. *Nichols,* 112 Ill. 271.

The decree sets out and alleges a title in fee superior to the title of defendant in error, yet it finds that he is the owner in fee, and that plaintiff's title is subordinate to him.

Mr. WILLIAM GIBSON, for the defendant in error:

The effect of the decree is to determine the title to the prop-erty as to all the defendants except H. H. Gage, and to vest the same in the petitioner, subject to a determination, in a court of law, of the conflicting interests of the petitioner and said H. H. Gage. *Smith* v. *Hutchinson,* 108 Ill. 662; *Smith* v. *Gage,* 11 Biss. 219.

The bill was not required to allege the defendant's title and invalidate the same. When a person is made a defendant, it

devolves on him to establish the title he may claim. *Gage* v. *Caraher*, 125 Ill. 453; *Smith* v. *Hutchinson*, 108 id. 662; 118 id. 666; *Gage* v. *Du Puy*, 127 id. 221.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

The petition in this case was filed under the Burnt Records act, and conforms to the requirements of, and contains all of the averments necessary to entitle the petitioner to relief under, that act. *Smith* v. *Hutchinson*, 108 Ill. 662; *Gage* v. *Caraher*, 125 id. 447.

Henry H. Gage, co-defendant of the plaintiff in error, filed a plea setting up title in himself, and pleading the limitation created by section 5057 of the Revised Statutes of the United States. The court below entered its decree granting the prayer of the petition, notwithstanding the defense thus interposed and established by the evidence. On appeal to this court by said Henry H. Gage, the decree was reversed, and the cause remanded, with directions to the court below to dismiss the petition. We then held that the limitation prescribed by the section of the Bankrupt act before cited, and set up and relied upon in the plea, was a bar in proceedings under the Burnt Records act, and the defendant having sustained his plea, the court erred in granting the relief sought by the petition. (*Gage* v. *DuPuy*, 127 Ill. 216.) Upon the cause being redocketed in that court, the decree to reverse which this writ of error is prosecuted was entered, in which it is found and decreed, that by reason of the matters set up by the said Henry H. Gage in his said plea, the petitioner is barred from asserting title against the said Henry H. Gage, and from any relief against him. The court, however, by its decree, found and declared, as against all other defendants to the petition, including the present plaintiff in error, that the petitioner was the owner in fee of the premises in question, and established and confirmed the title thereto in him.

Plaintiff in error insists, that, the plea of Henry H. Gage having been held a bar to the relief sought against said Henry H. Gage, the decree is erroneous as to him, plaintiff in error; that the circuit court should have dismissed the petition as to him, also. It is sufficient to say, that the limitation was not pleaded or relied upon by him as a defense. Nor does it appear that he in any way held under the title of Henry H. Gage. The answer of plaintiff in error was a simple traverse of the averments of the petition, and denying that the proceedings were under the Burnt Records act. It does not appear, by his answer, that he claims any title or interest in the premises whatever. Nor is any necessary connection shown between the title of Henry H. Gage and any claim, if he has any, of plaintiff in error to this property. The petition alleges, and the decree finds, that the petitioner was in possession of the premises, and it is manifest, that although he may be unable to inquire into the invalidity of the title set up by Henry H. Gage, or to question it, he would not be barred from asserting his paramount title against others not in privity with that title.

By the statute, (section 127,) the rules and regulations governing courts of chancery in this State are made to apply to proceedings under the Burnt Records act, and the court may determine the rights of the parties, and decree in favor of the better title. (78 Ill. 538, and cases *supra*.) By the 16th section of the act, (Starr & Curtis, 1996,) all persons claiming to own the premises in fee, and all persons to whom any conveyance thereof has been made and the deeds recorded since the destruction of the records, are required to be named in the petition, and are made defendants thereto. Such persons may severally file answers, setting up their claim of title, and it is made the duty of the court to adjudicate in respect of all conflicting claims.

It is said in *Smith* v. *Hutchinson*, *supra*, that "when a person is made defendant to a petition of this kind, it devolves upon him to establish the title he may claim to the property." In

*Gage* v. *Caraher, supra,* it was also said: "All that is required
in respect of adverse claimants and their titles is, that such
claimants shall be named in the petition, and made defendants.
Nothing more is required to give the court jurisdiction, under
the statute, to investigate all claims of title to the premises."
And so in *Gage* v. *Du Puy, supra,* it was held that the defend-
ant must allege and establish his title. It follows, necessarily,
that plaintiff in error, not having set up in his answer any
claim of interest in or title to the premises in controversy, can
not be prejudicially affected by the decree. Having no interest
to be cut off or affected by the decree, he is in no position to
complain. It has been so repeatedly held, in chancery as well
as in common law proceedings, that a party can not complain
of error that does not affect him, that citation of authority is
unnecessary.

The same answer must be made to the further contention,
that the court erred in not requiring the petitioner to repay
plaintiff in error money supposed to have been expended in
acquiring certain tax titles. It is said, that petitioner having
in his petition offered to pay, should have been required to
do so. The offer was, that if it was found the Gages claimed
under tax titles, and the tax deeds were declared void, to pay
what was equitably due therefor, etc. What tax deeds could
the court have found that the plaintiff in error held, or could
it have declared void? None were claimed by plaintiff in error,
and, as we have seen, the petitioner was bound to do no more
than make plaintiff in error a party, leaving it for him to set
up, by way of answer, any claim of title he might have. It
is clear that the court could not require petitioner to repay the
money expended in procuring the tax titles owned by Henry
H. Gage, for they were not set aside, and no others are set up
or insisted upon by any one. It is no concern of the plaintiff
in error that the court wrongly decreed, if his rights are not
thereby prejudiced. Moreover, there is nothing in the record
before us, showing, or tending to show, that at the hearing

plaintiff in error offered any evidence of title claimed by him, or that he had expended any sum of money in respect of any such title. There was, so far as shown by this record, nothing before the court from which it could have rendered a decree finding anything equitably due to plaintiff in error.

The decree of the circuit court is affirmed.

*Decree affirmed.*