ELLIS BENNETT

*v.*

CYRUS D. ROYS.

*Opinion filed October 24, 1904—Rehearing denied December 8, 1904.*

1. WAIVER—*when sufficiency of verification of burnt records petition is waived.* Failure to challenge the sufficiency of the verification of a burnt records petition until after final decree is a waiver of the objection.

2. BURNT RECORDS—*proceeding under Burnt Records act is a suit in equity.* A proceeding under the Burnt Records act is a suit in equity, and the rules governing courts of equity control the proceeding so far as they are applicable.

3. SAME—*presumptions are indulged to support decree.* If the court, in a burnt records proceeding, finds that it has jurisdiction of

the parties and the subject matter, its decree, based upon such finding, imports verity unless contradicted by some other portions of the record, and all presumptions will be indulged which are necessary to support it.

4. SAME—*defense of former adjudication should be set up by plea or answer.* Defendant to a burnt records proceeding who desires to question the right of petitioner to file the petition upon the ground that a former petition had been filed by petitioner's grantor, which had ripened into a decree, should do so by plea or answer, and cannot raise the question, after final decree, on the petition.

5. PRACTICE—*correct practice where defendant is dissatisfied with action on demurrer.* After final decree in a burnt records proceeding, if defendant is dissatisfied with the disposal of his demurrer to the petition he should move the court to vacate the decree and set aside the order overruling the demurrer and ordering that the petition be taken *pro confesso* as to him.

APPEAL, from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

The appellant, on March 19, 1904, made a motion that a writ of restitution issue to restore him to the possession of certain premises located in Cook county; also to quash a writ of assistance, by virtue of which the appellant had been removed from the possession of the said premises. The court overruled the motion and refused to order said writ of restitution to issue or to quash said writ of assistance, and appellant has brought the record to this court for review by appeal.

It appears from the record that a petition under the Burnt Records act was filed on May 12, 1898, by the appellee; that appellant was made a party defendant thereto; that he was duly served with summons; that he appeared by counsel, and on July 11, 1898, filed a special demurrer to said petition; that on June 26, 1899, an order was entered overruling said demurrer and ruling appellant to answer said petition within ten days; that no answer having been filed within that time, the appellant was defaulted on July 8, 1899; that the petition was taken *pro confesso* as to him, and a decree was entered finding that the court had jurisdiction of the subject

matter and all the parties to said proceeding; that the title
to the premises was in appellee; that appellant had no valid
interest therein, and it was ordered that he vacate and sur-
render possession of the premises to appellee on the produc-
tion of a certified copy of said decree, and in default that a
writ of assistance issue; that on February 19, 1904, appel-
lant was served with a certified copy of said decree, and a
demand was made upon him for possession, which he re-
fused to surrender, whereupon he was ruled to show cause
in five days why a writ of assistance should not issue; that
on March 5, 1904, the court ordered the writ of assistance
to issue; that on March 7, 1904, the appellant moved to
quash said writ, which motion was overruled and the writ
was thereupon executed, whereupon the motion now under
consideration was made and overruled.

CONSIDER H. WILLETT, (MILLS, GORHAM & MILLS, of
counsel,) for appellant.

OLIVER & MECARTNEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The petition of appellee filed under the Burnt Records act
was sworn to by appellee before a notary public in the State
of Indiana, who failed to certify in his *jurat* that under the
statutes of said State he was authorized to administer oaths,
and it is urged the court for that reason failed to acquire
jurisdiction to hear and determine the cause made by the
petition, and that the decree entered in said proceeding
against the appellant by reason of that fact is void. We do
not agree with such contention. The appellant, when served
with process, appeared and demurred to said petition, but
failed to raise the question of the sufficiency of the verifica-
tion thereof. By failing to challenge the sufficiency of the
petition for want of a sufficient verification, the appellant

waived the objection, and cannot, upon a motion made after final decree, be heard to say the petition was not properly verified.

In *King* v. *Haines,* 23 Ill. 340, there was a defective verification to a plea in abatement required by the statute to be verified. The plaintiff, instead of objecting thereto by motion or demurrer, filed a replication. The court, on page 341, say: "Pleas of this character, by the statute, must be positively verified by the affidavit required to be attached. The statute requires an affidavit of the truth, and not of the mere probable truth, of the plea. Under the Statute of Anne, the courts have been so rigid as to require the affidavit to state that the plea is true in substance and fact, and that a statement that it is a true plea is insufficient. ( 1 Chitty's Pl. 463.) But however defective the affidavit, this plea was treated as sufficient by filing a replication. Whatever defects in form may have existed to the plea or the affidavit, they were waived by filing a replication. To have rendered the defect in the affidavit availing, the plaintiff below should have moved the court to strike it from the files before filing a replication, or, if the plea was defective, he should have demurred. It is too late, after forming an issue in fact, to urge these objections."

In *In re Miller,* 32 Neb. 480, the verification attached to the petition for the appointment of an administrator was not signed by the affiant, and it was urged that this defect was jurisdictional. The court said (p. 483) : "While such a petition should be verified, yet the failure to do so is not more than an irregularity and does not oust the court of jurisdiction to act. It could have been supplied, and doubtless would have been, had the attention of the court been challenged thereto. It is a defect that can be waived, and was waived in this case."

In *Sutherland* v. *Hankins,* 56 Ind. 343, there was a defective verification to the bill of complaint in a special statutory proceeding to set aside a will. The court held that

specific objection thereto should have been made in the trial court, and by failing to object in time the appellant waived the point.

The appellant had the right, when he appeared, to insist upon a proper verification of the petition. If this had been done and the court below had then refused to require the appellee to furnish proof that the notary public before whom the same was sworn to had authority to administer oaths, a different question from that presented here would be presented for our consideration. He, however, saw fit, as he had a right to do, to waive the verification thereto, and having voluntarily adopted that course it must be considered now that he waived any objection he might have taken to the petition for the want of a proper verification.

It appears from the affidavits filed in support of the motion, that Charles E. Rees, the grantor of appellee, on August 15, 1876, filed a petition in the circuit court of Cook county against the appellant, under the Burnt Records act, which involved the title to the premises in question, and that on February 18, 1878, a decree was entered therein establishing the title to said premises in Charles E. Rees, and it is contended that said decree is void for the further reason that said proceeding exhausted the jurisdiction of the circuit court, under said Burnt Records act, over said premises, and that said circuit court was powerless to enter said decree upon the petition of appellee. The motion made by the appellant in effect was a collateral attack on the original decree rendered upon the petition of appellee. It has been held by this court that the proceeding under the Burnt Records act is a suit in equity, and that the rules governing courts of chancery apply to proceedings instituted under said act so far as they are applicable. (*Gage* v. *DuPuy*, 127 Ill. 216; *Harms* v. *Jacobs*, 155 id. 221.) The circuit court, in the proceeding commenced by appellee, found it had jurisdiction over the subject matter and the parties to the suit, and its decree, based upon such finding, unless contradicted by other

portions of the record, imports verity, and all presumptions will be indulged which are necessary to support it. (*Figge v. Rowlen*, 185 Ill. 234.) It must therefore be presumed, for the purposes of this motion, although said former decree appeared in the chain of appellee's title introduced in evidence in the proceeding under his petition, that the circuit court held, for want of jurisdiction or other cause, that said former decree was void and therefore not a bar to the proceeding instituted by appellee under said act, which ruling could only be reviewed by appeal or writ of error. We think it clear, however, if the appellant desired to contest the right of the appellee to file his petition upon the ground that a former petition involving the title to said premises had been filed by the grantor of appellee and which proceeding had ripened into a decree, he should have raised said question by a plea or answer, and that, he having failed to set up said former adjudication by plea or answer, it cannot now be interposed for the purpose of overthrowing the decree entered upon appellee's petition.

It is also urged by appellant that his demurrer to the petition of appellee was disposed of by the circuit court without proper notice to him. If the appellant was dissatisfied with the action of the trial court in disposing of his demurrer he should have moved the court to vacate the decree and to set aside the order overruling his demurrer and ordering that the bill be taken *pro confesso* as to him. Having failed to take such action he cannot now be heard to say the demurrer was improperly overruled.

Finding no reversible error in this record, the decree of the circuit court overruling the motion of the appellant will be affirmed.                              *Decree affirmed.*