## William H. Crawford et al., Appellees, v. Royal A. Eastman, Appellant.

### Gen. No. 14,578.

1. JUDGMENTS—*how joint, revived*. If one joint defendant dies, the writ to revive the judgment should run against the survivors and the heirs or personal representatives of the deceased defendant.

2. JUDGMENTS—*who cannot complain of revival*. If heirs of the deceased party because of whose death it became necessary to revive a judgment, do not complain of the procedure followed, the surviving party to such judgment cannot complain.

*Scire facias*. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed July 12, 1909. Rehearing denied October 7, 1909.

CHARLES B. OBERMEYER, for appellant.

ELA, GROVER & GRAVES, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action to revive a judgment obtained by appellees against appellant and one William M. Brophy, since deceased. The cause was before the Branch Appellate Court on the appeal of appellant, as to whom only the judgment was revived. That judgment was reversed and the cause remanded to the Superior Court upon the theory that the judgment being joint, it could not be revived against all. The rule of the common law, which obtains in this jurisdiction, is that if one joint defendant dies, the writ to revive the judgment should run against the survivors and the heirs or personal representatives of the deceased defendant. Eastman v. Crawford, 126 Ill. App. 320. Upon the remanding of the cause, the Superior Court, on the motion of appellees, issued an amended writ of *scire facias*, including in it all the heirs of William M. Brophy, deceased, who were duly served

with this process, but failing to appear were defaulted. To this amended *scire facias* writ appellant demurred, which demurrer the court overruled, and he failing to further plead, the judgment was revived against him and the heirs of William M. Brophy, deceased.

Appellant assigns errors which in their essence challenge the sufficiency of the amendment in making the heirs of his deceased co-defendant parties to the suit and in reviving the judgment against them and appellant. This method of procedure was in accord with the decision of the Branch Appellate Court *supra* on the former appeal. That decision is the law of this case. The heirs of Brophy are not here complaining, and appellant cannot be heard to complain for them. Gage v. Dupuy, 134 Ill. 132; Schwartz v. Ritter, 186 Ill. 209.

Whether the heirs of Brophy received any property from his estate, which was subject to the payment of his debts, is none of appellant's concern, because his rights are in no way affected or prejudiced, whatever the fact may be. That was a matter for them to interpose as a defense if they saw fit. They having failed to do so, that question is not before us for review.

The judgment of the Superior Court is therefore affirmed.

*Affirmed.*