(No. 13247.—Decree affirmed.)
·MABEL A. MATTHEWS, Defendant in Error, *vs.* DAVID R. DONER *et al.*—(JAMES MARION MATTHEWS, Plaintiff in Error.)
          *Opinion filed April 21, 1920.*

1. JUDGMENTS AND DECREES—*when attack on judgment or decree is collateral.* An attack upon a judgment or decree in a subsequent action or proceeding which has an independent purpose and contemplates some other relief or result is a collateral attack, although the overturning of said judgment or decree may be necessary to the success of the subsequent proceeding.

2. SAME—*judgment of court having jurisdiction of subject matter and parties cannot be collaterally attacked.* Where a court has jurisdiction of the subject matter and of the parties in a proceeding, its judgment or decree, when questioned collaterally, will be held valid, and although the judgment is erroneous it is binding until reversed on appeal or writ of error.

3. MINORS—*a court of equity may authorize compromise of the minor's litigation.* Where it is shown by the evidence to be for the best interest of the minor a court of equity may authorize a compromise of a minor's litigation, but great care should be exercised

in such a case, as the minor is a ward of the court and is entitled to its careful consideration.

4. SAME—*court of review will inquire into evidence to determine whether compromise is for best interest of minor.* Where a decree authorizing the compromise of a minor's litigation is properly before a court of review that court will inquire into the evidence to determine whether the finding of the chancellor that the compromise is for the best interest of the minor is sustained.

5. PARTITION—*decree in will contest cannot be attacked in subsequent suit for partition.* Where a complainant in a partition suit alleges her interest in the land in accordance with a decree obtained in a will contest case previously brought by her, the decree in the will contest case cannot be attacked collaterally in the partition suit and is not before the Supreme Court on reviewing the partition decree.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

E. D. GRIGSBY, guardian *ad litem,* for plaintiff in error.

SCOFIELD, HELFRICH & CALIFF, and FLACK, FLACK & KERMAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Mabel A. Matthews, defendant in error, brought this suit in the circuit court of McDonough county to partition certain premises therein described, and in her bill alleges that she became entitled to the interest in the bill averred in and to certain real estate in McDonough county by reason of a certain decree of the circuit court of McDonough county entered at the May term, 1919, on a certain bill filed by her in said court to contest the will of Henry Doner, deceased, her father. The bill for partition sets out the proceedings had concerning the bill to contest the will, averring that an amended or supplemental bill was filed setting out that a compromise had been effected between the adult parties in interest in such will contest, and that there was involved in said proceedings the interest of a minor, James

Marion Matthews, who is plaintiff in error herein. The
supplemental bill set out that it was for the best interest
of said minor that the compromise be authorized by a de-
cree of court. Her bill for partition further alleges that
the circuit court heard evidence on the bill, answer and rep-
lication in the will contest and found that it was for the
best interest of the plaintiff in error that the compromise
be authorized and it was by the decree authorized, and that
by virtue of the decree authorizing the compromise the will
of Henry Doner was allowed to stand, and she by virtue
of that decree took the title to the premises as in her bill
for partition described. A formal answer to the bill for
partition was filed by the guardian *ad litem* of plaintiff in
error and the cause was referred to the master in chancery.
The record of the previous decree was introduced in evi-
dence before him, as was the will of Henry Doner and
other proceedings in relation to the contest to set aside the
will and the compromise effected thereunder. The master
found title in defendant in error as claimed in her bill and
recommended partition in accordance with the prayer of the
bill. Plaintiff in error's guardian *ad litem* excepted to this
report of the master, which exceptions were overruled and
decree entered affirming the report and granting partition
as prayed in the bill.

Plaintiff in error assigns as error that the decree of
the circuit court authorizing a compromise of the property
rights of plaintiff in error in the will contest was erroneous,
in that it was not based upon evidence that such compro-
mise was for the best interest of plaintiff in error; that
the compromise should be vacated, and that for that rea-
son the decree for partition in the instant case is errone-
ous and should be reversed.

The attack of the plaintiff in error in this case upon the
decree of the circuit court entered in the will contest is a
collateral attack upon that decree. It is well settled that
where an action or proceeding has an independent purpose

and contemplates some other relief or result, although the overturning of the judgment or decree may be important or even necessary to its success, the attack on such judgment or decree is collateral. (*Bennett* v. *Roys,* 212 Ill. 232; *People* v. *Lingle,* 165 id. 65; 23 Cyc. 1063.) Here plaintiff in error seeks to reverse the decree for partition. In order to secure that result he attacks a previous decree of the circuit court. No principle of law is better settled than that where the court has jurisdiction of the subject matter and of the persons of the parties, its judgment or decree, when questioned collaterally, will be held valid; and this is true even though the judgment is erroneous and subject to being nullified on appeal or error. Such judgment or decree is binding until it is reversed and is not open to collateral attack. (*People* v. *American Life Ins. Co.* 267 Ill. 504; *Bennett* v. *Roys, supra; People* v. *Lingle, supra; Harris* v. *Lester,* 80 Ill. 307.) It is the rule likewise that a court of equity may authorize a compromise of a minor's litigation where the evidence shows that the case is a proper one for such compromise. Great care should be exercised by the court in such a case, for the reason that the minor is a ward of the court and entitled to its tenderest consideration. However, when it is shown by the evidence to be for the best interest of the minor such compromise may be authorized by the court, and when the decree entered therein is properly before a court of review, that court will inquire into the evidence to determine whether the finding of the chancellor that the compromise is for the best interest of the minor is sustained by the evidence. (*Williams* v. *Williams,* 204 Ill. 44.) The decree in the will contest is not, however, before this court on direct attack and its validity cannot be attacked collaterally.

For the reasons herein given the decree of the circuit court awarding partition will be affirmed.

*Decree affirmed.*