# JOHN V. FARWELL *et al.*

## *v.*

# GEORGE F. HARDING.

*Filed at Ottawa June 16, 1880—Rehearing denied September 17, 1880.*

1. CHANCERY—*granting relief upon terms—setting aside tax certificates as a cloud upon title.* Where the owner of land seeks the aid of a court of equity to set aside certain tax sales as a cloud upon his title, alleging irregularities in respect thereto, the relief will be granted only upon equitable terms, as, that he shall pay to the holder of the certificates of such sales the amount expressed therein, together with subsequent taxes paid on the land by such holders.

2. SAME—*whether complainant must accept the terms upon which he is offered relief.* But in such case it is optional with the complainant to accept the relief sought, upon the terms prescribed, or to refuse to do that which is required of him as a condition to his obtaining the relief, and consequently waiving his claim to any decree in his favor. The defendant will have no right to compel the acceptance of the terms prescribed, or the performance of the condition.

3. The correct practice in such a state of case seems to be, for the court to prescribe the terms upon which the relief will be granted, and in case the complainant declines or refuses to comply with those terms, to dismiss the bill.

4. In this case the relief sought being the setting aside of certain tax certificates as a cloud upon complainant's title, the court below decreed that if complainant should, within a time fixed, pay to the holder of the tax certificates the amount he had advanced on account of taxes, thereupon all his claims upon the premises should be extinguished,—but if the complainant should not make such payment within the time limited, then the rights and interests of the defendant under the tax sales should remain unaffected by the decree. This was held to be a proper disposition of the case, and substantially a compliance with the correct rule of practice.

5. SAME—*cross-bill—whether necessary—and of its effect when unnecessarily filed.* Where the relief sought by bill in chancery is of such character that it can not be granted except upon certain equitable terms, a cross-bill is not necessary in order to secure the imposition of such terms,—and if a cross-bill be unnecessarily filed for such purpose, the attitude of the defendant in the case will in no respect be different from what it would have been had no cross-bill been filed.

APPEAL from the Appellate Court for the First District.

Messrs. TENNY & FLOWER, for the appellants:

It is a settled rule of equity practice, that when the court acquires jurisdiction for one purpose, it will retain it for all purposes necessary to complete justice between all parties interested in the subject matter. *Sherlock* v. *Village of Winnetka*, 59 Ill. 389; *Conklin* v. *Foster*, 57 id. 104.

It has frequently been held that a party in possession of land may maintain a bill in chancery against one out of possession to set aside as invalid, and a cloud on complainant's title, a sale of the land for taxes, and a deed thereunder, or a certificate of purchase. *Reed* v. *Tyler*, 56 Ill. 288; *Barnett* v. *Cline*, 60 id. 205; *Reed* v. *Reber*, 62 id. 240; *Lee* v. *Ruggles*, id. 427; *Gage* v. *Rohrback*, 56 id. 262.

And the court would require the complainant to pay the purchase money at the tax sale, and all taxes subsequently paid on the land, with six per cent interest, as conditions to granting the relief sought. *Barnett* v. *Cline*, 60 Ill. 205.

It would seem to be well settled, therefore, by the decisions of this court, that upon the filing of the bill herein, a court of equity acquired jurisdiction of the subject matter, and should retain it for all purposes necessary to complete justice between the parties; and that before the complainant is entitled to any relief, he should pay to the Farwells the full amount paid by them for taxes, with six per cent interest.

Inasmuch as the Farwells have made a proper case by cross-bill, and have sought affimatively for that which the court has said the complainant ought to do, should not equity *compel* him to pay, or at least charge his land with the payment of such taxes and interest, and provide for its sale to satisfy the same if he refuses to do so? How else can complete justice be done between the parties?

The attention of the court is called to the fact that it is admitted in the record that the Farwells have paid these taxes, and that there is no pretence that they are invalid or void for any reason, except those upon which this court passed at the former hearing.

In the opinion filed by the court in *Phelps* v. *Harding*, 87 Ill. 442, no mention is made of interest upon the amounts paid by the Farwells on account of these taxes. It seems to us that if we are entitled to a decree in our favor, it should include interest at the rate of six per cent per annum from the dates of the respective payments.

It becomes important to determine just what points were decided by this court in its first adjudication. In that argument we submitted three questions, as follows:

1. Could the Farwells buy the land in question at tax sales and hold the tax certificates as a valid claim against it?

2. If they could and did, could these be cut off by the foreclosure of a mortgage to which they were strangers?

3. If our claims are just and subsisting, will the court give the relief prayed in the cross-bill?

This court then held that it was just and equitable that Harding should reimburse the Farwells as the holders of these certificates. *Phelps* v. *Harding*, 87 Ill. 446.

Messrs. HARDING, NISSEN & BARNUM, for the appellee:

The history of this litigation in this court is, that the court did not declare the taxes a lien in appellants' hands, but held that if this complainant took a decree he must take it on terms of paying the taxes which had been charges on the land paid by them, and the decree reversed and the cause remanded.

The complainant declined to take relief at all on these terms, and moved to dismiss his bill.

This the court refused, and he excepted.

The court then ordered that he be allowed to set aside the sales, on terms of paying taxes, and in event he refused, the rights of the Farwells should stand as they were.

To this defendants objected, and took the case to the Appellate Court, which affirmed it, and now they bring it here.

It is submitted that the decree is already too favorable to the defendants, and that complainant should have been allowed to dismiss his bill.

There is no equity whatever in favor of defendants, and nothing for their cross-bill to stand upon, and this court never did hold, and will not hold, that the cross-bill entitles defendants to a decree.

This court only meant to say that complainant could not have relief on any but the usual terms, but did not intend to hold that there was any equity in defendants which gave them the right to compel complainant to pay these taxes.

The bill charges that these claims of defendants are "fraudulent and worthless," and there is no evidence that they ever were just claims upon the premises.

It is submitted that the court below followed strictly the opinion of this court upon the remand (87 Ill. pp. 442–6), and that for the reasons above stated, and for reasons shown by the record herein, the decision of the Appellate Court should be affirmed and the appeal dismissed.

The court made no order that the taxes should be a lien and premises sold. The cross-bill to enforce the tax sale is absurd, can have no effect on this decree, and needs no discussion.

In Story's Eq. Juris., page 1, sec. 693, it is said: "In all cases of this sort (for rescission, cancellation or delivery up of agreements, securities or deeds) where the interposition of a court of equity is sought, the court will, in granting relief, impose such terms upon the party as it deems the real justice of the case to require, and if the plaintiff refuses to comply with such terms, his bill will be dismissed." The maxim is here emphatically applied, "He who seeks equity must do equity." 1 Fonb. 79, B. 1, ch. H. sec. 4; note a id.; B. 1, ch. 2, sec. 11, note p.; Story's Eq. Jur. sec. 301.

The ordinary rule is to punish complainant by dismissing his bill with costs. *Hollis* v. *Bulpet,* 13 Wly. Rep. 492; *Mason* v. *Gardiner,* 4 Brown Ch. 437; *Knebell* v. *White,* 2 Young & Collyer, 21; *Dalton* v. *Hayter,* 7 Beav. 319; *Inman* v. *Wearing,* 3 DeGex & Smale, 734; *Jefferey* v. *Dixon,* 1 Ch. App. (L. R.), 189; *Fife* v. *Clayton,* 13 Ves. Jr. 547; *Godbolt*

v. *Watts,* 2 Anstruther, 544; *Whiteman* v. *Francis,* 8 Price, 618; *Ex parte Scrivener,* 1 Ves. & Beames, 15.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case was before us at the September term, 1877, and the facts are fully stated in the former opinion, and it will not be necessary to repeat them here. See *Phelps* v. *Harding,* 87 Ill. 442. When the case was here before it was held that Harding was not entitled to a decree setting aside the tax certificates, except upon condition that he pay the holders of the certificates of purchase the amounts expressed therein and subsequent taxes paid by them. The former decree which Harding had obtained vacating the tax sales as a cloud on the title to the premises, was reversed and the cause remanded, with directions to the circuit court to render a decree consistent with the opinion then filed. After the remanding order was filed in the circuit court a decree was rendered to the effect that if the complainant, Harding, should within ten days pay the Farwells the amount they had advanced on account of taxes, thereupon all their claims upon the premises should be extinguished. But if Harding should not make such payment within the time limited, then the rights and interests of the Farwells under the tax sales should not be affected by the decree. This decree, on appeal to the Appellate Court, was affirmed, and the Farwells appealed to this court.

It is a plain proposition that when Harding appealed to a court of equity to cancel and set aside the tax sales as a cloud upon the title to the lands, the relief could only be granted on equitable terms, that he should repay the money which had been advanced to clear the property from the tax liens before the tax sales should be set aside. But the question that now arises is, whether Harding, having gone into a court of equity, can be compelled against his desire to abandon his suit, to pay off the claims for taxes, or has he the right to abandon the action and leave defendants in the bill in the

possession of the tax certificates precisely as they were before the suit was commenced, as decreed by the circuit court. It is true the Farwells filed a cross-bill, in which they pray that Harding, the complainant in the bill, may be decreed to pay them the amount they paid for the tax certificates, and the amount of subsequent taxes paid. But we do not understand that they have any greater rights with the cross-bill than they had without it. If a man voluntarily buys land at a tax sale, and afterwards pays taxes on it, we know of no principle of equity which would allow him to maintain a bill against the owner of the land to obtain a decree for the repayment of the money. If an original bill could not be maintained, a cross-bill could not, because the same principle which would govern the one would control the other. Where a cross-bill seeks affirmative relief, it is indispensable that it be equitable relief, for to this extent it is in the nature of an original bill, as held in *Tobey* v. *Foreman,* 79 Ill. 489. Suppose an original bill had been filed by the Farwells, in which ·it was alleged that they had purchased the lands for taxes, and had paid the subsequent taxes for a number of years, and then conclude with a prayer in the bill that the owner of the land should refund the money thus paid. It is obvious that a bill of that character could not be maintained, because the relief sought could not be regarded as equitable relief. But when the owner of the land comes into a court of equity and prays that the tax sales may be canceled and set aside for certain well grounded reasons set up in the bill, then it is that a court of equity, as a condition upon which the relief shall be granted, has the right to impose equitable terms upon the complainant. This is well illustrated in Story's Equity Jurisprudence, vol. 1, sec. 301, where it is said :

"If the borrower comes into a court of equity seeking relief against the usurious contract, the only terms upon which the court will interfere are that the plaintiff will pay the defendant what is really and *bona fide* due to him, deducting the usurious interest; and if the plaintiff do not make such

offer in his bill, the defendant may demur to it, and the bill will be dismissed."

The same author (sec. 693,) in discussing the question where a bill has been filed for the rescission, cancellation, or delivery up of agreements, securities, or deeds, says:

"In all cases of this sort, where the interposition of a court of equity is sought, the court will, in granting relief, impose such terms upon the party as it deems the real justice of the case to require; and if the plaintiff refuses to comply with such terms, his bill will be dismissed."

It will be observed that the complainant, Harding, in his bill in this case, did not offer to pay the amount the Farwells had advanced, and on this ground the bill was demurrable, and had a demurrer been interposed, the court could have done no less than dismiss the bill.

Can a court of equity compel the complainant in the original bill to pay the amount which has been advanced in procuring the tax certificates, and in paying subsequent taxes, unless he insists on a decree of the court vacating the tax sales?

A majority of the court are of opinion that while the relief may be granted upon condition that complainant pays the money, yet he can not be compelled to pay, unless he desires the relief;—that the correct practice, as indicated by Story, cited *supra*, is for the court to impose equitable terms, and in case complainant declines or refuses to comply with those terms, to dismiss the bill. This was in substance the view taken by the Superior Court, which we regard as correct.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*