HELEN S. GAGE

v.

CAMILLA S. THOMPSON et al.

*Filed at Ottawa May 12, 1896.*

1. BURNT RECORDS—*what will give jurisdiction under Burnt Records act.* Proof that the record of links in a petitioner's chain of title was destroyed by fire, and that a proceeding was necessary to establish the title, will sustain jurisdiction under the Burnt Records act, although other questions as to title are also involved.

2. ADVERSE POSSESSION—*seven years, with payment of taxes—effect of break of two years.* Possession and payment of taxes for seven years is not shown of uninclosed land by proof that such possession was by tenants, and that during two successive years of the seven counted upon no one occupied the land.

3. DEEDS—*tax deed alone does not show title.* A tax deed, unsupported by a judgment and precept, is not sufficient to show title.

4. APPEALS AND ERRORS—*decree for payment must fix time of payment—interest.* A decree which cancels tax deeds upon condition of the payment of a sum found due the holder thereof, and which fails to fix a time for such payment and to provide that such sum shall draw interest from the date of the decree, and which also fails to provide that the bill be dismissed as to such holder in default of payment, is erroneous.

5. SAME—*when supplementary proceedings are not necessary to correct decree.* A party is not bound to petition for the correction of a decree by supplementary proceedings in the trial court, where no new facts are to be brought to that court's attention as the basis of such correction, but may seek redress by appeal.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

AUGUSTUS N. GAGE, for appellant:

Appellant is the owner of the land in controversy, and is protected in her title by the provisions of section 6 of chapter 83 of the Revised Statutes. *Henrichsen* v. *Hodgen,* 67 Ill. 179; *Hodgen* v. *Henrichsen,* 85 id. 259; *Faloon* v. *Simshauser,* 130 id. 649; *Coward* v. *Coward,* 148 id. 268.

She has color of title under a tax deed to the property. *Walker* v. *Converse,* 148 Ill. 622; *Coleman* v. *Billings,* 89 id.

183; *Thomas* v. *Eckard*, 88 id. 593; *Holloway* v. *Clark*, 27 id. 483; *Piatt County* v. *Goodell*, 97 id. 84; *Whitney* v. *Stevens*, 89 id. 53; *Stubblefield* v. *Borders*, 92 id. 284.

She had been in the actual possession of the property for seven successive years before suit brought. *Downing* v. *Mayes*, 153 Ill. 330, and cases cited; *Davis* v. *Easley*, 13 id. 201; *St. Louis Public School* v. *Risley's Heirs*, 40 Mo. 370; *Fletcher* v. *Fuller*, 120 U. S. 534; *Brooks* v. *Bruyn*, 24 Ill. 373; *Gage* v. *Hampton*, 127 id. 87, and cases cited.

Appellant has shown a superior title under the tax deed to Asahel Gage, dated September 19, 1883. Rev. Stat. sec. 224, chap. 120; *Ransom* v. *Henderson*, 114 Ill. 528.

The questions presented by the record could not properly be considered in a bill brought under the provisions of the Burnt Records act. *Gage* v. *McLaughlin*, 101 Ill. 155.

The decree wrongfully orders the tax deeds set aside without requiring the taxes to be returned, with interest. *Alexander* v. *Merrick*, 121 Ill. 606, and cases cited; *Gage* v. *Nichols*, 112 id. 269.

GREEN, ROBBINS & HONORE, for appellees:

The petition was properly filed under the Burnt Records act. *Smith* v. *Hutchinson*, 108 Ill. 662; *Gage* v. *Caraher*, 125 id. 447; *Gage* v. *DuPuy*, 134 id. 132; *Harding* v. *Fuller*, 141 id. 308; *Gage* v. *Gentzel*, 144 id. 450; *Higgins* v. *Mulvey*, 136 id. 636.

The decree itself need not fix the time within which payment is to be made. 2 Daniell's Ch. Pr. (5th ed.) 1043; *Needham* v. *Needham*, 1 Hare's Ch. 633; *Morley's case*, 30 Beav. 108; *Clark* v. *Hall*, 7 Paige's Ch. 382.

The decree need not order the bill dismissed. *Clark* v. *Hall*, 7 Paige's Ch. 382; *Farwell* v. *Harding*, 96 Ill. 32; *Gage* v. *Gentzel*, 144 id. 450.

The decree is not erroneous as to interest. Appellant cannot raise the question. *Gage* v. *Gentzel*, 144 Ill. 455.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The original bill in this case was filed January 23, 1893, by appellee Camilla S. Thompson, against Asahel Gage, together with appellant and others, to establish title, under the Burnt Records act, to a tract of land in Cook county. The bill was subsequently amended, and Asahel Gage filed his answer, but died pending the litigation, leaving appellant his sole devisee. She answered the amended bill, setting up title in herself under four tax deeds issued to Asahel Gage, the first of which was not put in evidence. The other three which were in evidence at the hearing and relied upon as title, were dated, respectively, July 31, 1876, August 4, 1879, and September 19, 1883. She also filed a cross-bill, asserting title in herself. The cross-bill was answered, and, replications having been filed, the cause was heard and a decree was entered dismissing the cross-bill for want of equity and establishing title in Camilla S. Thompson, subject to the payment by her to appellant of the sum of $525.68, which was agreed upon by the parties as the amount to which appellant would be entitled as a condition precedent to setting aside the three tax deeds offered in evidence.

It is contended by appellant that the questions presented by this record could not properly be considered in a bill brought under the provisions of the Burnt Records act, and the case of *Gage* v. *McLaughlin*, 101 Ill. 155, is relied upon to sustain the claim. In that case it is said that the only object of the bill was to set aside the tax deeds of Gage; but in this case it was alleged and proved that the record of links in the petitioner's chain of title had been destroyed by fire, and the proceeding was necessary to establish and confirm her title. The bill was, therefore, properly filed under that act, although other questions as to title were also involved. *Smith* v. *Hutch-*

*inson*, 108 Ill. 662; *Gage* v. *Caraher*, 125 id. 447; *Harding* v. *Fuller*, 141 id. 308; *Gage* v. *DuPuy*, 134 id. 132; *Gage.* v. *Gentzel*, 144 id. 450.

The main issue in the case is, whether appellant established title under section 6, chapter 83, of the Revised Statutes, by proof of actual possession of the land in question for seven successive years under color of title made in good faith, and payment of all taxes legally assessed on the land during the same period. The question whether the description of the land in the tax deeds was sufficiently definite to make the deeds color of title to the premises in controversy has been raised and argued by counsel, but will not be considered, for the reason that, if it is assumed they did constitute such color, there was a failure to prove actual possession of the property for seven successive years before the suit was brought. The only period during which seven years' payment of taxes could be claimed by appellant, began when the taxes for 1884 were paid, on September 11, 1885, and she was bound to prove possession during the same period.

The land was occupied by Claus Notterman, as tenant of Asahel Gage, during the summers of 1884 and 1885, but was vacant and unoccupied during the years 1886 and 1887. In the spring of 1888 Asahel Gage leased it to William P. Gray, who occupied it thereafter by his tenant. The first person to occupy it after 1885 was John Suckow, as a tenant of said William P. Gray, in 1888. It is argued by counsel for appellant that there is no evidence that the premises were vacant in 1886 and 1887, and that inasmuch as possession had been shown in Asahel Gage, by his tenant, in 1884 and 1885, the law would presume such possession continued. If that could be said to be true under the provisions of this statute which require actual and continuous possession of the property, the claim is not sustained by the proof, which shows that the premises were vacant and unoccupied

during that time. There was no fence or improvement of any kind on the premises. There were some ditches along the lines of the tract, which perhaps served, in some degree, to distinguish it from adjoining land; but there was nothing in the nature of an enclosure. The land was shown to be vacant by three witnesses, all of whom were called and examined on behalf of appellant. Notterman left the land in 1885, and John Suckow testified that no one had it between Notterman's time and his. Henry Suckow testified that it was vacant one year, and he did not know but two years, though his best recollection was that it was one year; and William P. Gray said that it was vacant between the date when Claus Notterman had it and the summer of 1888. No room was left for any presumption, if one could be indulged.

Appellant says, however, that even if she failed in establishing title under the Limitation law, she showed a superior title under the tax deed to Asahel Gage dated September 19, 1883. The only proof of such title was the tax deed itself, which was not sufficient for the purpose without any judgment or precept in support of it. *Smith* v. *Hutchinson,* 108 Ill. 662; *Burton* v. *Perry,* 146 id. 71; *Gilbreath* v. *Dilday,* 152 id. 207.

The decree fixed no time within which the money should be paid to appellant in case the complainant elected to make such payment and take the benefit of the decree, and made no provision for interest upon the amount found due, from the date of the decree until it should be paid, or for any disposition of the bill as to appellant in case the money should not be paid, and in these particulars we think it was erroneous. The proper practice in such cases is to fix the terms, and in case the complainant declines or refuses to comply with them, to dismiss the bill. *Farwell* v. *Harding,* 96 Ill. 32; *Alexander* v. *Merrick,* 121 id. 606.

It is insisted for appellee with respect to the interest, that the point is trivial, and that appellant was allowed

in the decree more than was due her, which would offset the interest. As the amount fixed in the decree was agreed upon, and no error is assigned in respect to it by appellee, it must be taken to be the amount then due, and upon that amount appellant was entitled to interest·at five per cent until it should be paid.

As to fixing a time within which the money must be paid and providing for dismissing the bill, it is claimed that a reasonable time was implied, and that appellant could go into court and have a supplemental order entered fixing the time and making the provision for dismissal. There was no new fact or matter not already appearing in the record to be brought to the attention of the court by the appellant for the purpose of having the terms of the decree changed or modified, and under such circumstances she was not bound to seek for a supplemental decree merely for the correction of an error.

It is also said that appellee was entitled to relief against other defendants, and so the bill should not be dismissed. The right of appellant was to have it dismissed as to her. She was only made a party to contest her tax titles, and the question of dismissing it as to other defendants is not involved in any way.

The decree of the Superior Court will be modified so as to require the payment of interest at the rate of five per cent per annum upon the amount found due the appellant, from April 22, 1895, the date of said decree, and to provide that the moneys due appellant shall be paid within sixty days from the entry of this judgment or the bill will stand dismissed as to appellant. The decree is affirmed in all other respects, and the parties will each pay one-half of the costs of this court.

*Modified and affirmed.*