JACOB GLOS

*v.*

JOSIAH CRATTY.

*Opinion filed April 16, 1902.*

1. APPEALS AND ERRORS—*decree must be reversed if no evidence to sustain it is preserved.* A decree in chancery must be reversed, on appeal, if the party in whose favor it is entered has not preserved evidence to sustain it, either by a certificate of evidence or by the recitals in the decree.

2. CLOUD ON TITLE—*proof of allegation of possession by complainant is material.* If the jurisdiction of the court to entertain a bill to remove a cloud from title is based upon the fact of complainant's possession at the time of filing the bill, such possession must be alleged and proved; and if the decree makes no finding as to possession, and there is no certificate of evidence, a decree in favor of the complainant must be reversed.

3. SAME—*essentials of decree canceling tax deed as a cloud.* A decree canceling a tax deed as a cloud should provide that the complainant pay the sum awarded to the defendant for taxes, interest and costs within a fixed time, and that in default of such payment the bill should be dismissed.

4. EQUITY—*allegations not admitted nor denied must be proved.* If a material averment in a bill in chancery is neither admitted nor denied it must be supported by proof.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is a bill, filed on February 1, 1901, by appellee against appellant for the purpose of removing a tax deed, as a cloud upon title, and declaring the same to be void. The bill represents that the complainant is the owner in fee simple of block 8 in Cratty & Bleyer's subdivision, etc.; that complainant is in sole and exclusive possession by his tenants; that on September 6, 1899, there was recorded in the recorder's office of Cook county a tax deed, executed by the county clerk of that county, pretending to convey to Jacob Glos said block 8 under a sale for delinquent taxes, made on September 17, 1896; that said deed recited, that it was issued in accordance

196—13

with certain affidavits and notice of the time of expiration of redemption from said sale; that there is on file in the office of the county clerk a notice and affidavit, constituting the evidence, upon which said deed was issued, copies of which are attached as an exhibit to the bill, and made a part thereof; that said affidavit and notice are void, and not in compliance with the statute; that, at the time of the alleged service of said notice, and prior thereto, Minnie Bleyer and complainant, Josiah Cratty, were residents of Chicago and owners of said block; that notice was not served upon either of them; that the real estate, described in the notice and certificate of sale, is not the same as that described and conveyed by the tax deed; that there were certain trust deeds executed, conveying said premises to certain trustees to secure the payment of certain notes; that, at the time of the service of notice, the said trustees, holders of said notes, were residents of Chicago, but that no notice was served upon them and no affidavit was made stating that upon diligent inquiry they could not be found in Cook county; that no publication was made as to unknown owners; that for these reasons said notice and certificate of sale and tax deed are void; that complainant endeavored to effect a redemption and made an offer, and in his bill offers, to pay the amount paid by Glos at such sale with subsequent taxes with legal interest, and to do what should be adjudged to be reasonable in the way of compensation to said Glos. Appellant filed a demurrer to the bill, which was overruled, and then filed an answer, denying all the allegations of the bill, including a denial that complainant was in possession of the premises described in the bill. Replication was filed to the answer.

Subsequently, by leave of court, an amendment was filed to the bill setting up that the process for the sale, upon which said tax deed was based, was invalid and illegal, and that said tax deed was void for that reason. The bill as amended was demurred to, and the demurrer

was overruled. Thereupon, appellant filed an answer, denying the allegations set up in the amendment. Replication was filed to the answer to the amended bill.

On December 16, 1901, the court rendered a decree wherein, after reciting that the cause was heard upon the bill and amendment thereto, and upon the answers and replications and the proof taken in the case, it was found that the sale of block 8, etc., made on September 17, 1896, for the delinquent taxes for the year 1895 and costs and interest thereon, was null and void; and in the decree it was ordered that the tax deed, made on September 1, 1899, by the county clerk to appellant in pursuance of said sale, should be set aside, and declared null and void, as a cloud upon appellee's title, and that appellant should deliver up the deed to be canceled by the clerk of the court.

It was further ordered that appellee should pay to the appellant the sum of $24.47, paid by the appellant on September 17, 1896, as such delinquent tax, interest and costs thereon, together with interest on the total amount from September 17, 1896, at the rate of five per cent per annum until paid. The foregoing findings and orders constitute the whole of the decree entered in the case. The present appeal is prosecuted from such decree.

ENOCH J. PRICE, for appellant.

WILLIAM H. DUVAL, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case there is no certificate of evidence in the record, and the evidence has not been preserved by any findings in the decree, or depositions, or master's report. It devolves upon the party, in whose favor a decree in chancery is rendered, to preserve the evidence that will sustain the decree; or the decree itself must find that

facts were proven, which will sustain it. Where no facts are found in the decree, and there is no certificate of evidence, there is nothing in the record to sustain the decree, and hence there is error which requires a reversal of the decree. (*Glos* v. *Beckman*, 168 Ill. 74; *Davis Paint Co.* v. *Metzger Oil Co.* 188 id. 295). The bill alleges that the complainant is in possession of the premises. A bill to remove a cloud from title can only be maintained where the complainant is in possession of the premises, or where the premises are vacant and unoccupied. If the jurisdiction of the court is based upon the fact, that at the time of the filing of the bill the complainant is in possession of the property, the bill must allege such possession, and the complainant must prove it. (*Glos* v. *Kemp*, 192 Ill. 73). In the case at bar the bill alleges, that appellee was in possession of the premises, and the answer denies such possession. There is no finding in the decree upon the subject of possession, and there is no certificate of evidence, containing any proof as to possession. The allegation of possession is material, and, in order to sustain the jurisdiction of the court to grant the relief prayed in this bill, the possession should have been established by testimony, which was not done.

In addition to this, the decree fixes no time, within which the money for delinquent taxes and interest and costs should be paid to appellant in case the complainant should elect to make such payment and take the benefit of the decree, and makes no provision for any disposition of the bill as to appellant in case the money should not be paid. In these particulars the decree is erroneous. "The proper practice in such cases is to fix the terms, and, in case complainant declines or refuses to comply with them, to dismiss the bill." (*Gage* v. *Thompson*, 161 Ill. 403; *Farwell* v. *Harding*, 96 id. 32; *Alexander* v. *Merrick*, 121 id. 606). Where a bill is filed to set aside a tax deed, the decree should provide that the complainant pay within a time fixed in the decree the sum awarded

the defendant for his taxes, etc., paid to obtain the deed and under the deed, and should provide that, if such sum is not so paid, the bill should be dismissed.    There is no such provision in the present decree.

Counsel for appellant says that certain allegations in the bill of complaint, showing certain alleged defects in the deed, are not denied in the answer, and must therefore be taken as true.    This is not a correct statement of the law.    Where a material averment in a bill is neither admitted nor denied by the answer, it must be supported by proof. (*Wilson* v. *Augur*, 176 Ill. 561; *Llewellin* v. *Dingee*, 165 id. 26; *Litch* v. *Clinch*, 136 id. 410; *Davis Paint Co.* v. *Metzger Oil Co. supra; Jackson* v. *Sackett*, 146 Ill. 646).

For the reasons above stated, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.