E. C. Tubbs, Trustee, Appellant, v. Home Builders Investment Corporation, Appellee.

Gen. No. 43,690.

474

Opinion filed February 20, 1947. Released for publication March 28, 1947.

BRAUN, JOHNSON & RYAN, of Chicago, for appellant; ODE L. RANKIN, of Chicago, of counsel.

LAMBERT KASPERS and OWEN N. PRICE, both of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal by plaintiff, E. C. Tubbs, as trustee, etc., from a decretal order of the circuit court of Cook county directing him to pay defendant, Home Builders Investment Corporation, $2,902.12 with interest thereon and costs, which order was entered after the remandment of this case by this court.

This is a foreclosure proceeding in which plaintiff's complaint made Home Builders Investment Corporation, the holder of a certain tax sale certificate, a party defendant and alleged that his rights under his mortgage lien were superior to the rights of all the

defendants. After Home Builders Investment Corporation had been served with summons, it appeared and alleged in its answer that its rights and interest in the property under its tax sale certificate were superior and paramount to those of plaintiff and asked that the cause ''be dismissed as to it.'' While plaintiff's complaint did not directly request that defendant's tax sale certificate be set aside and annulled, its obvious purpose was to remove same as a cloud upon the title to the property without compensating the defendant therefor.

Plaintiff procured a decree of foreclosure of his mortgage with a provision in said decree that the lien of the tax sale certificate owned by Home Builders Investment Corporation was subject and inferior to the lien of the plaintiff's mortgage.

The Home Builders Investment Corporation appealed from that part of the decree of foreclosure which found that the lien of its tax sale certificate was subject and inferior to plaintiff's mortgage lien and prayed ''that the decree be reversed as to it.'' In our opinion filed on the prior appeal (*Tubbs v. Dunlop*, 325 Ill. App. 53), we held that the legal effect of the finding in the foreclosure decree that defendant's tax lien was subject and inferior to plaintiff's mortgage lien was to set aside and annul the tax sale certificate and that it could not be set aside, annulled or removed as a cloud upon title unless plaintiff reimbursed defendant for all moneys properly paid by it for the tax sale certificate with interest and costs.

For reasons hereinafter shown we reversed the decree of foreclosure in its entirety instead of reversing only that portion thereof which pertained to Home Builders Investment Corporation's tax sale certificate.

After plaintiff's petition for leave to appeal to the Supreme Court of Illinois had been denied, the mandate of this court was filed in the circuit court. The case was redocketed in the circuit court and set for

hearing as to the contents of the decree to be entered pursuant to the directions in the opinion and mandate of this court. In response to the motion of Home Builders Investment Corporation the decretal order was entered from which plaintiff prosecutes the instant appeal. Said order, after reciting the proceedings had in this cause on the prior appeal, the reversal of the decree of foreclosure on said appeal, plaintiff's petition for leave to appeal to the Supreme Court and its denial, the filing of the mandate of this court in the circuit court and that the Appellate Court reversed the decree of this court and remanded this cause "with directions to enter a decree consistent with said opinion of said Appellate Court," provided as follows:

"And it also appearing from the said Mandate and said opinion of said Appellate Court that the plaintiff should be required to first pay to, or reimburse, the defendant, Home Builders Investment Corporation, the amount paid for the Tax Sale Certificate, to-wit: Twenty-nine Hundred Two and 12/100 Dollars ($2902.12), mentioned in said Final Decree entered on March 24, 1944 by this Court, together with interest at the legal rate of five per cent (5%) per annum on said sum of $2902.12 from the date of said Tax Sale Certificate, to-wit: October 11, 1930, until paid, and also the costs of the said defendant, Home Builders Investment Corporation, in this suit, being the appearance fee paid by it, amounting to five dollars ($5.00);

". . .

"It is Therefore Hereby Ordered that the plaintiff in the above entitled cause pay to the defendant, Home Builders Investment Corporation, within fifteen (15) days from the day of the entry of this order the sum of Twenty-nine Hundred Two and 12/100 Dollars ($2902.12), together with interest at the rate of five per cent (5%) per annum thereon from October 11, 1930 until paid, and also Five Dollars ($5.00) for said defendant's costs herein;

"It is Hereby Further Ordered that this Court hereby retains and reserves jurisdiction of this cause and of the parties hereto and of the subject matter hereof for the purpose of entering a Final Decree of Foreclosure in favor of the plaintiff as recommended or provided for by the Master's Report heretofore filed in said cause prior to the entry of said Decree of March 24, 1944; but not inconsistent with the Mandate of said Appellate Court; provided, however, that the plaintiff shall have first paid to the defendant, Home Builders Investment Corporation, within fifteen (15) days from the date of the entry of this order said sum of Twenty-nine Hundred Two and 12/100 Dollars ($2902.12) together with interest thereon, from October 11, 1930 until paid at the rate of five per cent (5%) per annum until paid, and said sum of Five Dollars ($5.00) for court costs;

"This court also hereby reserves jurisdiction of this cause and of the parties hereto and of the subject matter hereof for the purpose of entering other suitable and proper orders or decrees herein after the expiration of fifteen days from the entry of this order in the event that the plaintiff herein fails or refuses to make the payments hereby provided for to the defendant, Home Builders Investment Corporation, within fifteen (15) days from the date of the entry of this order."

The effect of the foregoing order was to compel plaintiff to pay defendant's tax claim and to restrain him from further proceeding with his foreclosure unless and until such payment was made and the trial court reserved jurisdiction for the purpose of enforcing the payment of the tax claim if plaintiff did not pay same within 15 days.

We could have properly ended this litigation on the prior appeal, in so far as the defendant is concerned, by reversing only that portion of the decree of foreclosure relating to its tax sale certificate. If that had been the order of this court, it would necessarily have

resulted in the dismissal of this cause as to Home Builders Investment Corporation and the decree of foreclosure would not have been affected, except as to the provision therein relating to defendant's tax lien. Plaintiff could then have proceeded with his foreclosure sale subject to the lien of defendant's tax claim. We preferred, however, to reverse the decree of foreclosure in its entirety and to remand the cause to afford plaintiff the opportunity of paying defendant's tax claim, if he elected to do so, in order to remove same as a cloud upon the title to the property.

The principal question we are now asked to determine is whether the decretal order was entered in conformity with the views expressed in our opinion on the prior appeal.

Plaintiff contends that "it was error to decree the payment by plaintiff to defendant of its tax sale certificate absolutely and at all events and unconditionally"; and that "the order appealed from gives plaintiff no chance to pay defendant's unenforceable tax claim but orders payment unconditionally and enjoins plaintiff from proceeding further unless and until he does pay,—thereby converting an equitable defense into an affirmative legal recovery." He asserts that "the proper practice to be followed where a plaintiff seeks to have tax liens, certificates or deeds declared void, is to cancel the lien and document upon payment by plaintiff of the amount advanced with interest within a given time and in default that the complaint be dismissed as to the tax man."

In support of his position plaintiff cites a number of decisions of the Illinois Supreme Court, including *Farwell v. Harding*, 96 Ill. 32, where the court said at pp. 36, 37 and 38:

"This case was before us at the September term, 1877, and the facts are fully stated in the former opinion, and it will not be necessary to repeat them here. See *Phelps v. Harding*, 87 Ill. 442. When the case

was here before it was held that Harding was not entitled to a decree setting aside the tax certificates, except upon condition that he pay the holders of the certificates of purchase the amounts expressed therein and subsequent taxes paid by them. The former decree which Harding had obtained vacating the tax sales as a cloud on the title to the premises, was reversed and the cause remanded, with directions to the circuit court to render a decree consistent with the opinion then filed. After the remanding order was filed in the circuit court a decree was rendered to the effect that if the complainant, Harding, should within ten days pay the Farwells the amount that they had advanced on account of taxes, thereupon all their claims upon the premises should be extinguished. But if Harding should not make such payment within the time limited, then the rights and interests of the Farwells under the tax sales should not be affected by the decree. . . .

"It is a plain proposition that when Harding appealed to a court of equity to cancel and set aside the tax sales as a cloud upon the title to the lands, the relief could only be granted on equitable terms, that he should repay the money which had been advanced to clear the property from the tax liens before the tax sales should be set aside. But the question that now arises is, whether Harding, having gone into a court of equity, can be compelled against his desire . . . to pay off the claims for taxes, or has he the right to abandon the action and leave defendants in the bill in the possession of the tax certificates precisely as they were before the suit was commenced, as decreed by the circuit court. . . .

"Can a court of equity compel the complainant in the original bill to pay the amount which has been advanced in procuring the tax certificates . . . unless he insists on a decree of the court vacating the tax sales?

"A majority of the court are of opinion that while the relief may be granted upon condition that the complainant pays the money, yet he can not be compelled to pay, unless he desires the relief;—that the correct practice . . . is for the court to impose equitable terms, and in case complainant declines or refuses to comply with those terms, to dismiss the bill. This was in substance the view taken by the Superior Court, which we regard as correct."

*Alexander v. Merrick*, 121 Ill. 606, also involved a bill of complaint to set aside and cancel certain tax sale certificates. In that case the court in discussing the conditions under which tax sale certificate might be set aside said at pp. 614–615:

"Although the relief may be granted on condition that complainant pay the money, yet he cannot be compelled to pay unless he desires the relief. The correct practice is for the court to impose equitable terms, and, in case the complainant declines or refuses to comply with those terms, to dismiss the bill." (Citing *Farwell v. Harding*, 96 Ill. 32.)

In *Gage v. Thompson*, 161 Ill. 403, a bill was filed under the Burnt Records Act to establish title to certain lands. Gage who held tax rights to the property was made one of the defendants. The amount which he had advanced for the tax title held by him was $525.68. The superior court of Cook county decreed the payment of that sum to Gage but set no time within which the complainant might elect whether to pay the $525.68 and take the benefits of the decree or to dismiss the bill of complaint as to Gage. On appeal by Gage the Supreme Court, without remanding the case, modified the decree with the provision that if the complainant did not pay the aforesaid sum within 60 days, the bill of complaint would stand dismissed as to Gage and affirmed the decree as modified.

In *Glos v. Cratty*, 196 Ill. 193, a bill was filed to remove a tax deed as a cloud on title. In that case the

trial court cancelled the tax deed as a cloud upon the title and ordered the complainant therein to pay the amount of the tax claim but fixed no time limit for the payment thereof and did not order that the bill of complaint be dismissed upon failure to pay the tax claim. There the court said at pp. 196–197:

" 'The proper practice in such cases is to fix the terms, and, in case complainant declines or refuses to comply with them, to dismiss the bill.' (*Gage v. Thompson,* 161 Ill. 403; *Farwell v. Harding,* 96 Ill. 32; *Alexander v. Merrick,* 121 Ill. 606.) Where a bill is filed to set aside a tax deed, the decree should provide that the complainant pay within a time fixed in the decree the sum awarded the defendant for his taxes, etc., paid to obtain the deed, and under the deed, and should provide that, if such sum is not so paid, the bill should be dismissed.''

It seems clear from the foregoing cases that where it is sought in any proceeding in equity to set aside a tax deed or tax sale certificate, the party seeking such equitable relief will not be granted same unless he does equity by paying the amount of the tax claim; that, even though a plaintiff files a complaint in equity seeking relief against a tax claim he cannot thereafter be compelled by decree of court to take such relief, if he does not desire to pay the tax claim; and that where, as here, the holder of a tax sale certificate is one of several defendants and the principal purpose of the complaint is the foreclosure of a mortgage, the tax controversy being only incidental thereto, the proper practice is to enter a conditional decree providing that the plaintiff pay the amount of taxes represented by the tax sale certificate within a specified time and, if said amount is not paid within the time specified, the complaint shall stand dismissed as to the holder of the tax sale certificate. These equitable principles have been applied in this State, at least since 1880, to proceedings in equity

wherein it was sought to set aside tax deeds and tax sale certificates.

But defendant insists that the decretal order of the trial court "was correct and in compliance with the mandate of this court issued in the prior appeal of this case" and asserts that plaintiff "persists in ignoring the clear provisions of section 270 of the Revenue Act of Illinois . . . and also the clear and definite language of the mandate of this court in the prior appeal in this case . . . , under which the plaintiff is not entitled to a foreclosure decree without first paying this defendant the amount found to be due it under its tax sale certificate."

The "clear provisions" of section 270 of the Revenue Act (par. 751, ch. 120, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 119.767]), to which defendant refers and upon which it relies to support his position as above stated are contained in an amendment to said section enacted in 1919, which is as follows:

"No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain Act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed."

Prior to the enactment of the foregoing amendment to section 270, that section contained the following provision which was retained therein when the aforesaid amendment was adopted:

". . . that any judgment or decree of court, in law or equity, setting aside any tax deed procured under this act, or restoring the owner of same to pos-

session, shall provide that the claimant shall pay to the party holding such tax deed . . . all taxes and legal costs, as provided by law with interest at five per cent per annum. . . ."

There can be no question but that the only purpose of this provision was to embody in section 270 the equitable principle that he who seeks equity against a tax deed or a tax sale certificate must do equity by paying the tax claim and to extend the benefits of that equitable principle to actions at law.

What was the purpose of the amendment of 1919 to section 270? Defendant asserts that no reasonable construction "can be put on" said amendment, "except that the plaintiff must first pay the amount found to be due this defendant under its tax sale certificate before a foreclosure decree . . . can properly be entered in favor of the plaintiff." In our opinion the amendment is not susceptible of any such construction. The language used in the amendment is clear and unambiguous and requires no construction. It plainly states that "no final judgment or decree of court in any case . . . setting aside any tax deed . . . shall be entered until the claimant shall make reimbursement to the party holding such tax deed." This language certainly does not mean and was not intended by the legislature to mean that a decree of foreclosure could not be properly entered until the tax claim was paid. We think that the amendment means just what it says—that no final judgment or decree setting aside a tax deed shall be entered in a foreclosure case or any other kind of a case until the plaintiff therein "shall make reimbursement to the party holding such tax deed." As we read the amendment, its sole purpose was to extend to holders of tax deeds or tax sale certificates against land involved in "proceedings under the Eminent Domain Act" the benefits theretofore accorded under section 270 of

the Revenue Act to holders of tax claims in other actions at law or proceedings in equity of having their tax claims paid before they could be set aside.

■ Defendant states in its brief that the decretal order appealed from complied with "the clear and definite language of the mandate." The mandate filed in the circuit court pursuant to the remandment of this case directed that court to "enter a decree consistent with the views expressed in the opinion of this court" on the former appeal. Nowhere in that opinion is the view expressed, indicated or suggested that plaintiff would not be entitled to a decree of foreclosure until he first paid defendant's tax claim. The ultimate question decided by us in our opinion on the prior appeal was that defendant's tax sale certificate could not be set aside unless Home Builders Investment Corporation was reimbursed by plaintiff for all moneys properly paid for such certificate with interest and costs. Our decision in this regard can hardly be said to be equivalent to holding that plaintiff was not entitled to have a foreclosure decree entered unless and until he paid defendant's tax claim.

Upon the record in this case plaintiff was entitled to a decree of foreclosure pursuant to the mandate of this court either in the event that he elected to pay defendant's tax claim or in the event that he elected not to pay it. If upon remandment he reimbursed defendant for all moneys properly paid by it for the tax sale certificate with interest and costs, he would be entitled to a decree setting aside said certificate and for a foreclosure of his mortgage free from the tax claim. On the other hand, if he declined or refused to reimburse defendant for all moneys properly paid by it for the tax sale certificate with interest and costs, he would be entitled to a decree of foreclosure of his mortgage subject to the lien of defendant's tax sale certificate.

We are impelled to hold that the decretal order of the trial court was erroneously entered in that it was not consistent with our opinion on the former appeal.

Other grounds are urged both for reversal and affirmance but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated herein the decretal order of the circuit court of Cook county is reversed and the cause remanded with directions to first enter a conditional order providing that plaintiff reimburse defendant within a reasonable time fixed by the court for all moneys properly paid for its tax sale certificate with interest and costs and that, if the amount of defendant's tax claim is not paid within the time specified, the complaint shall stand dismissed as to the defendant. It is further directed that, if plaintiff does not pay defendant the amount of its tax claim within the time specified in the conditional order, then a decree of foreclosure shall be entered in plaintiff's favor subject to the lien of defendant's tax sale certificate and that, if plaintiff complies with the conditional order and reimburses defendant for all moneys paid by it for the tax sale certificate with interest and costs, then a decree shall be entered setting aside said tax sale certificate and for a foreclosure of plaintiff's mortgage free from defendant's tax claim.

*Decretal order reversed and cause remanded with directions.*

FRIEND and SCANLAN, JJ., concur.