Richard C. Goodrich, an Incompetent, by Harold Anders, His Next Friend, Plaintiff-Appellee, v. City National Bank & Trust Company, a Corporation, as Trustee, and Richard C. Whitney, and J. C. Anderson, Defendants-Appellants.
In the Matter of the Application of the County Collector for Judgment and Order of Sale Against Lots and Lots Returned Delinquent for Payment of General Taxes for the Year 1964 and Prior Years.

Gen. No. 69–18.

Second District.

October 3, 1969.

Canfield, Canfield & Franks, of Rockford, for appellants.

Smith, Penniman & McGreevy, of Rockford, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Certain real estate owned by Richard C. Goodrich, the plaintiff, was sold at tax sale on January 31, 1966, for nonpayment of the 1964 real estate taxes. In October of 1967, the plaintiff was served with a notice which recited that J. C. Anderson, defendant and purchaser at the tax sale, had filed a petition in the tax sale proceeding in the Circuit Court where the judgment of sale was entered,

praying that the court direct the County Clerk to issue a tax deed to said purchaser if the property were not redeemed by January 31, 1968; and that said J. C. Anderson would seek an order directing the issuance of a tax deed. (See: Ill Rev Stats 1967, c 120, par 747.)

Goodrich did not redeem the property within the statutory period, and the court, on February 1, 1968, ordered that a tax deed be issued by the clerk, and tax deed issued on the same date. The title ultimately was transferred to the defendant, City National Bank & Trust Company, a corporation, as Trustee, for the benefit of the defendant, Richard C. Whitney. It was conceded that the latter was not a bona fide purchaser from Anderson.

Goodrich, as an incompetent, by Harold Anders, his next friend, subsequently filed a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 72) asking that the order entered February 1, 1968, be vacated, and that he be permitted to redeem the property from the tax sale. The defendants answered the petition, and the court, after hearing, entered an order on October 25, 1968, directing that its prior order of February 1, 1968, for the issuance of a deed, be vacated, and that upon payment into the court of the sum necessary to redeem the property from the tax sale, the tax deed then be set aside. On November 8, 1968, the defendants filed a Notice of Appeal from the order entered on October 25, 1968.

On December 19, 1968, Goodrich, by his conservator, deposited with the court the monies necessary to redeem from the tax sale, and thereupon, on that date, the court found that Goodrich had deposited the monies necessary to redeem the premises, and ordered that the tax deed previously issued be set aside and held for naught, and that the tax deed and interest of the defendants in the premises be removed as a cloud on the title of Goodrich. No appeal was taken from this order.

473

On appeal, the defendants have assigned various alleged errors in the findings of the court and in the trial of the case. However, before reaching these alleged errors, we must consider the threshold contention of Goodrich that the appeal should be dismissed because it is from the order entered on October 25, 1968, which was not a final and appealable order.

■ Paragraphs 5 and 7 of Article 6 of the Illinois Constitution, and Supreme Court Rule 301 (Ill Rev Stats 1967, c 110A, par 301) provide that every final judgment of a circuit court is appealable as a matter of right. Supreme Court Rule 304, which pertains to judgments as to fewer than all parties or issues, provides that an appeal may be taken in such cases only if the trial court has made an express written finding that there is no just reason for delaying the enforcement or appeal. Interlocutory appeals as a matter of right are permitted only in specific situations (Supreme Court Rule 307), or when permitted by the court pursuant to rule (Supreme Court Rule 308). The order appealed from, which was entered October 25, 1968, contained no finding that there was no just reason for delaying the enforcement or appeal. If it was not a final, appealable order, the appeal should be dismissed. Coats v. Coats, 92 Ill App2d 75, 80, 234 NE2d 86 (1968); Smith v. Lewis, 85 Ill App2d 246, 249, 229 NE2d 323 (1967).

The order entered on February 1, 1968, for the issuance of a tax deed was, as stated above, obtained pursuant to Section 266 of the Revenue Act (Ill Rev Stats 1967, c 120, par 747). This section provided, among other things:

> "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 72 of the 'Civil Practice Act', approved June 23, 1933, as heretofore or hereafter amended, in the

same manner, upon the same grounds and to the same extent as may be had under that Section with respect to final orders, judgments and decrees in other proceedings and the court shall consider defenses relating to questions of the notices required by Section 263 and the proof presented in the hearing required by this Section."

Section 270 of the Revenue Act (Ill Rev Stats 1967, c 120, par 751), provides in part:

". . . And any judgment for the sale of real estate for delinquent taxes, except as otherwise provided in this Section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions, the judgment itself is conclusive evidence of its regularity and validity in all collateral proceedings, . . . . Provided, that any judgment or decree of court, in law or equity setting aside any tax deed procured under this Act or restoring the owner of same to possession, shall provide that the claimant shall pay to the party holding such tax deed the following, to be itemized by the county clerk: (Costs to be paid are itemized.) . . . *No final judgment or decree of court in any case either at law or in equity . . . involving the title to or interest in land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this Act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed. . . .*" (Emphasis ours.)

475

Section 270 of the Revenue Act, when read in conjunction with section 266 confirms that the order entered on October 25, 1968, was not a final, appealable order, and that the only final, appealable orders in this cause were those entered on February 1, 1968 and December 19, 1968. No appeal was taken from either of these orders.

The order of October 25, 1968, made specific findings as to the competency of Goodrich at the time he was served with the petition and notice required under section 266 of the Act. It then decreed that the order of February 1, 1968, be vacated, but conditioned the setting aside of the deed upon the payment of the sums ordered to be paid by the clerk of the court. It was not until this was actually done, and the court had so found, that the deed was in fact set aside, and the interest of the parties in the real estate finally determined. The final determination fixing the ultimate rights of the parties in the real estate and ultimately disposing of the issues was not made until the December 1, 1968, order, pursuant to the mandate of section 270 of the Act.

The factual situation is strikingly similar to Coats v. Coats, supra, decided by this court. Coats was a partition suit and we held therein that the decree for partition was not a final, appealable order because it determined fewer than all of the rights and liabilities at issue; and that until such time as the court entered an order approving the accounting of the proceeds of the sale, the prior orders in the action, absent a finding that there was no just reason for appeal, were not appealable.

Orwig v. Conely, 322 Ill 291, 153 NE 371 (1926) was a garnishment action in which the court found that the executor of an estate was indebted as garnishee to a certain creditor of a devisee of the estate. The court entered a conditional judgment in the sum of $2,000 and ordered that no final judgment in the garnishment action should be entered until final distribution was ordered in

the estate. The executor appealed from this order. The Garnishment Act specifically provided that no final judgment shall be rendered against an executor until after the order of distribution has been made by the court. In dismissing the appeal, the court, at page 294, noted that the judgment rendered did not purport to be final "and by reason of the statute no final judgment could be rendered in the premises until after the entry of an order of distribution . . . ."

■ Section 270 of the Revenue Act by clear and unequivocal language directs that a final judgment setting aside the tax deed shall not be entered until the party seeking such relief shall make reimbursement to the deed holder. Tubbs v. Home Builders Inv. Corp., 330 Ill App 473, 483, 71 NE2d 913 (1947).

■ To constitute a final, appealable order, the order must terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. Martin v. Masini, 90 Ill App2d 348, 353, 232 NE2d 770 (1967); Peach v. Peach, 73 Ill App2d 72, 78, 218 NE2d 504 (1966).

■ The order appealed from did not determine and fix the rights of the parties. By its very terms, and by the mandate of the statute, there could not be a final determination of the rights until such time as Goodrich either did, or did not, reimburse the defendants as directed. The order finding that this was in fact done, and determining the interests of the parties in the real estate, was the final, appealable order in the cause.

The order of February 1, 1968, which provided for the issuance of tax deed, was incontestable except by direct appeal, or in an appropriate case, by a proceeding under section 72 of the Civil Practice Act. Freisinger v. Interstate Bond Co., 24 Ill2d 37, 41, 179 NE2d 608 (1962); Southmoor Bank & Trust Co. v. Willis, 15 Ill2d 388, 394, 395, 155 NE2d 308 (1959).

477

In Glenn v. The People, 9 Ill2d 335, 137 NE2d 336 (1956), at page 340, the court pertinently stated:

"The purpose of a petition or motion under section 72 of the Civil Practice Act is to bring before the court rendering the judgment matters of fact not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented its rendition. (People v. Quidd, 409 Ill 137.) The error of fact which the writ may be employed to correct includes such matters as . . . insanity at the time of the trial; and a valid defense which existed in the facts of the case but which, without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake. (People v. Quidd, 409 Ill 137, at page 140; Schroers v. People, 399 Ill 428, at pages 434 and 435.)"

Also see: McCord v. Briggs & Turivas, 338 Ill 158, 166, 170 NE 320 (1930); Chapman v. North American Life Ins. Co., 292 Ill 179, 185, 126 NE 732 (1920). Thus, we believe that the section 72 petition was properly filed herein.

█ Since there was no appeal from the order of February 1, 1968, or from the order of December 1, 1968, and since the appeal from the interlocutory order of October 25, 1968, was not pursuant to statute, Supreme Court rules, or existing law, this appeal should be dismissed.

Appeal dismissed.

MORAN, P. J. and SEIDENFELD, J., concur.