THE WESTERN UNION TELEGRAPH COMPANY, Plaintiff-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellee.

Fourth District   No. 14715

Opinion filed May 5, 1978.

Brown, Hay & Stephens, of Springfield (Edward J. Cunningham, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Mary C. Ubatuba, James E. Weging, and Thomas J. Swabowski, Assistant Attorneys General, and Douglas P. Karp, law clerk, of counsel), for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)) provides that, in cases involving multiple parties or multiple claims for relief, an order of the circuit court final as to some but not all of the parties or claims is appealable to this court if the circuit court finds that "no just reason" exists "for delaying enforcement or appeal." At issue here is the effect of that rule upon the appealability of an order of the circuit court of Sangamon County remanding a case, appealed to that court from the Illinois Commerce Commission (I.C.C.), to the Commission. The order (1) made certain adjudications, (2) remanded for further consideration upon the principal issues in the case, and (3) found no just reason for delaying enforcement or appeal.

On May 23, 1975, Western Union Telegraph Company (Western Union) filed with I.C.C. a tariff revision seeking a rate increase for its transmittal of messages and money orders by telephone from points in Illinois through a regional center at Bridgeton, Missouri, to other points in Illinois. The center served a large number of States in the central part of the country. On June 29, 1975, I.C.C. held a hearing on the tariff revision, and on April 21, 1976, denied the requested increase, stating in its order that the reason for the denial was the failure of Western Union to comply with a speed-of-answer requirement set forth in its 1973 order setting previous rates. Western Union requested a rehearing as to the rates and asked that at such a rehearing I.C.C. abandon the previous speed-of-answer requirement because it (1) had proved to be uneconomical and impractical and (2) unduly burdened interstate commerce, thus depriving I.C.C. of jurisdiction to enforce the requirements. The requested rehearing was denied on June 9, 1976.

On July 8, 1976, Western Union appealed the I.C.C. decision to the circuit court of Sangamon County. After a hearing, that court entered an order on September 16, 1977, declaring that I.C.C. had jurisdiction "over the standards of service" at the Missouri center "in connection with intrastate communication service" and that this did not "constitute an undue burden on interstate commerce." The court then ordered the case remanded to the I.C.C. to conduct further proceedings on the tariff revision requested and to receive evidence "as to the imposition and the continuing validity" of the speed standard of the 1973 rule. The order found that no just reason existed to delay enforcement or appeal. Western Union has filed notice of appeal from the portions of that order which determine that I.C.C. had jurisdiction of the parties, the case, and the standards of service of "intrastate communication" going through the Missouri center and the portions of the order decreeing that the regulation of the foregoing standards is not an undue burden on interstate commerce.

■■  Section 6 of article VI of the Illinois Constitution of 1970 provides that (1) all "final judgments" of the circuit court except acquittals in criminal cases and judgments appealable directly to the supreme court are appealable as a matter of right to the appellate court, and (2) the supreme court may provide by rule for appeals to the appellate court from other than final judgments of the circuit court. To meet the finality requirement of section 6 for appealability as a matter of right, an order must be final as to all of the parties and all of the substantial claims. (See *Goodrich v. City National Bank & Trust Co.* (1969), 113 Ill. App. 2d 471, 251 N.E.2d 548.) The order in question here clearly fails to meet those requirements. The parties apparently concede that it is appealable only if Rule 304(a) grants it that status.

The express language of Rule 304(a) would indicate that for the circuit court order to be appealable, it must be final as to a claim. The Rule is an enactment by rule of court of the former provisions of section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 50(2)). The Rule has substantially similar wording and was intended to have the same meaning as that section. (See Ill. Ann. Stat., ch. 110A, par. 304, Committee Comments, at 585 (Smith-Hurd 1968).) The cases construing the Rule have examined the question of what constitutes a claim in connection with whether multiple claims were involved rather than, as here, the question of whether the order is final to a claim. In *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787, the supreme court ruled that multiple claims were involved if "multiple rights and liabilities" of the parties were involved. That court stated that it wished to avoid the problem the Federal courts had encountered in attempting to precisely define the term "claim" in connection with a similar Federal rule. The supreme court took a somewhat more restrictive view of what constituted separate claims in *Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364, in ruling that an order determining liability without determining damages was not made appealable by a finding that no just reason existed to delay enforcement or appeal. Rather than ruling that the order was not final as to a claim, the court ruled that the case did not involve multiple claims.

Regardless of whether the question arises as to the existence of a multiplicity of claims or as to the finality of the circuit court's order with respect to a claim, the definition of what constituted a claim is logically the same. Accordingly, we examined the circuit court order appealed in the context of whether it made a final determination upon a right, liability, or claim.

■■  The circuit court order in question here did not make a final determination as to whether Western Union had a right to a rate increase nor as to whether its customers would be liable for such a rate upon using its services. The order did not finally determine whether the speed-of-

answer requirement of the 1973 rate order would be a future requirement for Western Union nor whether its failure to comply in the past would prevent a rate increase. The order only made a final determination that I.C.C. was an administrative tribunal having authority to rule upon the speed of service given at the Missouri center to messages between Illinois points. We do not consider that portion of the order to decide a claim for relief or a right or liability. Thus the order fails to meet the appealability requirements of Rule 304(a).

■■ When appeal is taken from an order that is not appealable, we have the responsibility to *sua sponte* dismiss the appeal. (*Chicago Portrait Co. v. Chicago Crayon Co.* (1905), 217 Ill. 200, 75 N.E. 473.) We dismiss this appeal for lack of an appealable order.

Appeal dismissed.

TRAPP and CRAVEN, JJ., concur.